MARY E. WITTY, APPELLANT, v. THOMAS C. ACTON AND ALPHONSO S. SHERWOOD, RESPONDENTS.*

*Landlord and tenant — right of a tenant, evicted for non-payment of a tax, to tender payment of the tax and be restored to possession under section 2256 of the Code.*

A tenant who has been removed from the demised premises, after a default in the payment, for sixty days after the same became payable, of any taxes or assessments upon the demised premises which he had agreed to pay, cannot avail himself of the provisions of section 2256 of the Code of Civil Procedure, which allows the tenant, at any time within one year after the execution of the warrant, when the unexpired term of the lease exceeds five years, to pay or tender to

---

*The following opinion was delivered at Special Term:

INGRAHAM, J. The complaint alleges the making of a lease of certain premises in the city of New York, on the 31st of March, 1881, by defendant Acton to plaintiff for a term of twenty-one years, whereby plaintiff was to pay certain rent in equal quarterly payments, and further promised and agreed to pay " all duties, taxes and assessments " as should be imposed on the said premises.

That plaintiff paid the rent until February 1, 1887, and that on the 9th of March, 1887, the agent of the defendant applied to one of the District Courts of the city of New York to remove the plaintiff, and presented his petition claiming that there was due to him from the plaintiff the sum of $275, balance of rent from February 1 to May 1, 1887, and that the taxes levied on said premises for the years 1881, 1884, 1885 and 1886, had not been paid by the plaintiff; that payment of said rent and taxes had been demanded of the plaintiff.

That such proceedings were had that on or about the 21st day of March, 1889, a final order was made by the said District Court, awarding to the plaintiff the possession of the said premises; that subsequently a warrant was issued by the justice of said District Court for the removal of all persons from said demised premises, and to put the defendant Acton in possession thereof, which warrant was executed, and that subsequently plaintiff tendered to defendant Acton all rent of said premises in arrear under said lease at the time of such tender, with interest thereupon as well as taxes theretofore levied upon said premises at the time of such tender remaining unpaid, and all costs and charges incurred by defendant Acton, and the complaint demands judgment for the possession of the premises and damages for the detention thereof.

The proceedings for the removal of the plaintiff from the demised premises were taken under section 2231 of the Code. This section provided for the removal of a tenant for five separate causes. Subdivision 2 provides for the removal of a tenant when he holds over and continues in possession of the demised premises without the consent of his landlord after a default in the payment of rent, and subdivision 3, for such removal when in any city in this State the tenant holds over after default, for sixty days after the same shall be payable, in the payment of any

the landlord all rent in arrear at the time of the payment or tender, with interest and the costs and charges incurred by the landlord, and thus restore himself to the possession of the premises and the advantage of his lease.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 3d day of April, 1890, with notice of an intention to bring up for review, upon such appeal, an interlocutory judgment, entered in said clerk's office on the 13th day of March, 1890, sustaining the demurrer of the defendants to the plaintiff's amended complaint, as further amended, *nunc pro tunc*, as of December 5, 1889, by an order entered on February 26, 1890.

The action was brought to recover the possession of certain

taxes or assessments levied on such demised premises which he has agreed in writing to pay.

By section 2235 it is provided that the applicant must present to the judge or justice a written petition stating the facts which, according to the provisions of the Code, authorize the application by the petitioner and the removal of the person in possession.

It is clear that the application set out in the complaint was founded on both the subdivisions of section 2231 of the Code, above cited, for the petition states facts which authorize the removal of the plaintiff from the possession of the premises under either of such subdivisions. If the defendant had failed to prove the allegations as to the rent, and did prove the allegation as to the taxes, there could be no doubt but that the justice would have been justified in issuing the warrant. The warrant was issued, and thereupon the lease was canceled, and the relation of landlord and tenant was annulled (Code, § 2253), and this plaintiff's interest in the premises and her right to possession thereof ended, and, on the facts alleged in the complaint, plaintiff has no cause of action, unless she is entitled to the possession of the demised property, under the provisions of section 2256 of the Code. But I do not think that the terms of that section apply, for it is only where the special proceeding is founded upon an allegation that a lessee holds over after a default in the payment of the rent that the lessee may pay or tender all rent in arrear at the time of the payment or tender, and on a tender of the rent the tenant to be allowed to resume possession of the premises. There is no provision for the tender of the amount due for taxes and assessments, and if plaintiff is entitled to the benefit of the section, she has it on a tender of the rent due and interest, and the costs and charges without a tender of the amount due for taxes and assessments.

As before stated, this proceeding was founded upon the non-payment of the taxes as well as upon the non-payment of the rent, and it was not thereafter a proceeding "founded upon an allegation that a lessee holds over after a default in the payment of the rent."

Two causes to justify the removal were set forth in the petition, either of which

premises in the city of New York, and damages for the witholding of the same.

*J. Sabine Smith,* for the appellant.

*George Bliss,* for the respondents.

BRADY, J. :

The question presented by this appeal is whether a lessee removed from the demise, as a tenant holding over without the permission of the landlord, after default in the payment of the rent due pursuant to the agreement under which the demised premises are held

would justify the relief granted, and in such a case it cannot be said that the proceeding is founded on either one.

That the legislature did not intend that the tenant should be allowed to redeem when he had been removed for the non-payment of taxes and assessments, is apparent from a comparison of section 2254 with the sections above cited. It is in section 2254 provided that a tenant may secure a stay of the execution of the warrant on payment of the amount of the rent due. or of such taxes or assessments and interest and *penalty,* or by giving an undertaking as therein provided. This section was amended to bring it into harmony with the amendment to section 2231, and the failure of the legislature to amend section 2256 at the same time is clear evidence that it was not intended that that section should apply when the tenant was removed for the non-payment of taxes and assessments.

The plaintiffs seek to attack the constitutionality of the amendment to section 2231 of 1895. The right of the plaintiffs to redeem is not at all affected by that amendment. Plaintiff has the same right to redeem now that she had before the passage of the act amending the Code. If the amendment authorizing the court to dispossess for non-payment of taxes was unconstitutional, that question should have been settled in the proceeding in which relief was asked because of such non-payment.

By the issuance of the warrant in that proceeding it was adjudged that plaintiff was entitled to the relief granted, and it is now too late for plaintiff to claim that she could have successfully defended that proceeding.

But it is clear that the act was not in conflict with any constitutional provision. It simply affected the remedy given to the landlord on a breach of the covenant in the lease. By the lease the landlord had a right to re-enter on breach of the covenant to pay taxes, etc. Whether he was to obtain that right of re-entry by an action of ejectment, or by proceedings under the provisions of the Code above cited, was a question within the control of the legislature.

On the argument counsel for the defendant expressly waived the point as to the sufficiency of the allegation as to the tender, and I have, therefore, considered the right of the plaintiff to the relief asked for, and have come to the conclusion that plaintiff cannot, on the facts pleaded, obtain possession of the premises. The complaint does not, therefore, state facts sufficient to constitute a cause of action, and the demurrer must be sustained.

and a demand thereof, and who also holds over under like circumstances, after a default in the payment for sixty days from the time the same shall be payable of any taxes or assessments which the tenant has agreed to pay, can avail himself of the provisions of section 2256 of the Code, which allows the tenant at any time within one year after the execution of the warrant, when the unexpired term of the lease exceeds five years, to pay or tender the landlord all rent in arrear at the time of the payment or tender, with interest and the costs and charges incurred by the landlord, and thus restore to himself the possession of the premises and the advantage of his lease.

The learned justice in the court below has considered this subject fully, and has expressed his views in an elaborate opinion (note, *ante*, p. 552), which embraces and satisfactorily disposes of the whole controversy in that regard, and although additional views might be indulged, it is deemed unnecessary to employ them, but to leave the affirmance of the judgment upon the opinion which he has delivered.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed, wth costs.