(14 Misc. Rep. 346.)

### BIXBY v. CASINO CO.[1]

(Common Pleas of New York City and County, General Term. November 4, 1895.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS.

Where summary proceedings at the time of the execution of a lease, providing for the payment of taxes by the lessee, were authorized by law to dispossess a tenant for failure to pay the taxes, as well as for failure to pay rent, and the lease expressly provided for such proceedings for nonpayment of "rent," possession cannot be recovered in summary proceedings for nonpayment of taxes, as "expressio unius est exclusio alterius."

2. SAME—EJECTMENT.

A reservation in such a lease of right of entry for default in the performance of any of the covenants in the lease merely authorizes the recovery of possession by ejectment, and not by summary proceedings.

3. SAME—CONDITIONS—VALIDITY.

A provision in a lease that only one of several existing remedies shall be resorted to for recovery of possession for breach of conditions of the lease is binding.

Appeal from Eighth district court.

Summary proceedings by Robert F. Bixby, individually and as trustee, against the Casino Company, for the recovery of possession of land. From a final order in favor of plaintiff, the landlord, on a trial without a jury, the tenant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Moses Weinman, for appellant.
Elihu Root, for respondent.

[1] Motion for leave to appeal to court of appeals granted. See 35 N. Y. Supp. 1103.

GIEGERICH, J. The petitioner is the owner of the property at the corner of Broadway and Thirty-Ninth street, in the city of New York, known as the "Casino." On the 1st day of December, 1891, pursuant to a renewal clause of a former lease executed in 1882, the petitioner leased to a company, through whom the present tenant claims title through several mesne conveyances, the above-mentioned property. Summary proceedings to dispossess the tenant for failure to pay taxes as provided for in the lease were instituted, and resulted in a final order awarding to the petitioner the delivery of the possession of the property, and the tenant has brought this appeal.

The lease of 1891 contained the following clause:

"That it shall be lawful for the said party of the first part, and the said party of the second, their heirs, successors, or assigns, or either of them, according to the nature of their respective estates, rights, and interests in the said demised premises, where and as often as default shall be made in the payment of the rent by these presents reserved, or any part thereof, to take such summary or other proceedings for the recovery of the said rent and the possession of the said premises as may be permitted by law."

The lease of 1882 contained a like provision, mutatis mutandis. This provision, we conclude with some reluctance, must be regarded as a bar to the remedy herein sought. It is a plain agreement that summary proceedings may be had for nonpayment of rent, and, under the principle "expressio unius est exclusio alterius," default in the payment of taxes is not comprehended. Upon first impression, it might seem that rent should be regarded as the entire consideration which a tenant pays to a landlord for the use of the demised premises, whether directly as rent proper, or indirectly and for his benefit in form of taxes and assessments. But the word must be interpreted in the light of its context, and, when used with respect to summary proceedings, it means something quite different from taxes. People v. Swayze, 15 Abb. Prac. 432; Witty v. Action, 58 Hun, 552, 12 N. Y. Supp. 757. See, also, the various Code provisions under the title (sections 2231–2265). The clause cannot be construed as though it stood only in the lease of 1882, or even as though it found its way into the lease of 1891 by virtue of an unconditional agreement by the landlords in the first lease to execute a renewal upon similar terms at the option of the tenant. The landlords could, under the provisions of the lease of 1882, either grant a new lease upon the identical terms, so far as the point in question is concerned, or pay the value of the buildings erected upon the demised premises. The agreement must be treated, therefore, as though entered into, and its terms selected for the first time, in 1891. Could it be construed as though made in 1882, the clause quoted might be regarded as a mere recital of the law as it then stood, and as without any significance respecting the point now under consideration. But in 1891 the laws relating to summary proceedings had been amended (chapter 13, Laws 1885, amending Code Civ. Proc. § 2231, subd. 3), by making default in payment of taxes an additional ground for this summary relief to the landlord. Here, therefore, is a case where the parties, at a time when a remedy is allowed upon several grounds, explicitly indicate one of these grounds as being permitted between them. It

is not a case where parties to a lease "are presumed to have contracted with reference to the power of the legislature to annul, modify, or change the remedies therein provided for the collection of the rent reserved" (Martin v. Rector, 118 N. Y. 476, 23 N. E. 893); but where they agree that only one of several existing remedies, as it were, shall be resorted to between them. We are aware of no reason why such a contract should not be enforced.

The reservation in the lease of the right of re-entry by the lessor upon default on the part of the lessee in performance of any of the covenants assumed by the latter cannot be regarded as a provision for summary proceedings, but for an action in ejectment, and, by a similar process of reasoning, supports the conclusion above reached.

For these reasons, the final order should be reversed, and restitution ordered to the appellant, with costs.