### ANNIE W. SMITH v. HANNAH M. SINCLAIR.

Where a lease provides that the leased premises shall be used only as a dwelling and boarding and lodging-house, and shall not be sublet, and also contains a provision that the lease shall be void if the tenant fails to perform on his part, a justice of the peace has no jurisdiction to remove the tenant by summary proceedings for an alleged breach of said conditions.

On *certiorari.*

Argued at February Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Aaron E. Johnston.*

For the defendant, *Thomas P. McKenna.*

The opinion of the court was delivered by

VAN SYCKEL, J.    This *certiorari* was sued out to review and set aside proceedings instituted in a Justice's Court under the Landlord and Tenant act.

The affidavit of the landlord sets out that .the lease had been violated by breach of the condition that the leased prem-

ises should be used only as a private dwelling and boarding and lodging-house, and by breach of the covenants against subletting and making alterations.

The lease contained a provision that it should be void if the tenant failed to perform on his part.

It is well settled that the word " void," in such a lease, means " voidable at the option of the lessor," and the question presented is whether, in such a case, a justice has jurisdiction to take summary proceedings to eject the tenant under the act concerning landlord and tenant.  28 *Am. & Eng. Encycl. L., p.* 476.

Section 30 of the act (*Gen. Stat., p.* 1922) provides that the tenant may be dispossessed by summary proceedings where he shall hold over and continue in possession of the demised premises or any part thereof, after the expiration of his or her term and after demand made and notice in writing given for delivering the possession thereof by the landlord or his agent for that purpose.

This act was passed in 1847, and is substantially like the act passed in New York in 1820.  *Rev. Stat. of N. Y. (ed.* 1829), *vol.* 3, *p.* 512.

In 1836 the New York act was construed in *Oakley* v. *Schoonmaker,* 15 *Wend.* 226.  Chief Justice Savage held that proceedings could not be maintained under the New York act, on the ground of the expiration of the term by forfeiture; that the expiration of the term mentioned in the statute means expiration by lapse of time.

In *Beach* v. *Nixon,* 9 *N. Y.* 35, the New York Court of Appeals denied the right of the landlord to institute summary proceedings where the condition of the lease was so framed that the estate was void only at the election of the lessor.

This, I think, was a correct interpretation of the statute.

Upon the authority of these New York cases, Mr. Justice Reed, in a like case, set aside summary proceedings in *Wakeman* v. *Johnson,* reported in 3 *N. J. L. J.* 84, holding that a landlord cannot remove his tenant by summary proceedings before the expiration of the term fixed in his lease, because

the tenant has violated a covenant in the lease " not to sublet · the premises under penalty of forfeiture and damages."

It was not intended to give to justices of the peace jurisdiction to construe covenants in leases which involve the question of forfeiture for conditions alleged to be broken and the right of re-entry by the landlord.

There being no review of the proceedings of the justice, where he has jurisdiction, the statute should be strictly construed.

In my opinion, the justice had no jurisdiction in this case, and the proceedings certified should, therefore, be set aside, with costs.