JOHN H. STEVENSON V. OLOF BRODAHL.

FILED NOVEMBER 18, 1896. No. 6899.

Forcible Entry and Detainer: LANDLORD AND TENANT: AGREEMENT TO
MORTGAGE CROP. In an action for the possession of real property
alleged to be withheld in violation of a lease between the parties
the breach alleged was the failure to give a chattel mortgage on
demand about the 1st of November, 1891. The first unpaid pay-
ment of rent to become due was February 1, 1892. *Held,* That a
provision that the lessee must give a chattel mortgage on the crop
each year to secure said note, though supplemented in the lease
with another stipulation that the non-fulfillment of any of its
terms would, at the election of the lessor, end the lease, did not
entitle the lessor to prosecute an action of forcible entry and de-
tainer.

ERROR from the district court of Saunders county.
Tried below before WHEELER, J.

*David Van Etten,* for plaintiff in error.

*Simpson & Sornborger, contra.*

RYAN, C.

The transcript in this case begins with the recitation
that on December 18, 1891, there was filed in the office of
the clerk of the district court of Saunders county a com-
plaint, "among other papers from the justice court."
There is in the transcript no means afforded by which we
can ascertain the nature of these "other papers from the
justice court." In the trial afterwards had there was of-
fered in evidence the transcript from a justice of the peace
of Saunders county of the record of an action between the
litigants who are parties to this suit, but this last referred
to transcript was of an action begun March 16, 1892, and
ended April 9, immediately thereafter. It is therefore evi-
dent that there is no inference possible that one of these
actions is the continuation of the other in the higher
court. We can go no further back than December 18,
1891, in this investigation, and shall therefore commence

with this date as our initial point of inquiry. The complaint was filed by Olof Brodahl against John H. Stevenson, to obtain possession of certain real property alleged to be withheld by Stevenson, contrary to the terms of the lease made between the plaintiff and the defendant. This lease was for three years from its commencement, which was March 19, 1890. The rent stipulated yearly was $333.33, payable, respectively, on the 1st days of February, 1891, 1892, and 1893, and for each payment a promissory note was given. There was a provision in this lease that Mr. Stevenson "agrees to give a chattel mortgage on the crops each year to secure the said note due for that year." On a trial to a jury of the issues presented in the defendant's plea of "not guilty" to the complaint it was shown that at the proper time the first note which became due was paid. The breach relied on as furnishing grounds for the prosecution of an action of forcible entry and detainer were, first, that no mortgage had been made on the crop of 1891, though demanded about October 31 of that year, to secure the note due February 1, 1892, and second, the lease provided that upon "the non-fulfillment of any of the conditions herein the said party of the first part may, at his election, either distrain for said rent due or declare the lease at an end and recover possession as if the same was held by forcible detainer." The remedy is summary and is intended merely to terminate a wrongful possession. Its provisions are, therefore, to be strictly construed. There was nothing in the proofs offered which tended to show that by the use of the word "year" the parties understood any other than the ordinary acceptation of the term. The rent due on February 1, 1891, had been paid, when, in the latter part of October or perhaps in the fore part of November of 1891 a chattel mortgage on the growing crop was demanded, and upon refusal of compliance a notice to quit was given Stevenson. The next payment of rent was due February 1, 1892, and we can see in the provisions of the lease no support for the contention that the lessee was required,

at his peril, to give a chattel mortgage at the particular time it was demanded. The district court, however, seems otherwise to have construed the provision as to making a mortgage, and accordingly refused to permit the introduction of evidence to show that on February 1, 1892, the lessee tendered to the lessor the amount which fell due on that day. Moreover, on apparently the same theory the court peremptorily instructed the jury to find for the defendant. In this ruling as to the proffered payment on February 1, 1892, and in giving the peremptory instructions indicated, we think the district court erred. Its judgment is therefore reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.