## CROSBY v. JARVIS.

(Supreme Court, Appellate Term. February 23, 1905.)

LANDLORD AND TENANT—COVENANT TO PAY TAXES—DEFAULT—SUMMARY PRO-
CEEDING.

A landlord may maintain summary proceedings against his tenant for
the tenant's nonpayment of taxes as covenanted in the lease, though the
lease gives to the landlord the right to re-enter on such default.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and
Tenant, § 1275.]

Appeal from Municipal Court, Borough of Manhattan, Thir-
teenth District.

Summary proceedings by Jane M. L. Crosby, executrix, against
Robert M. Jarvis. From orders in favor of defendant, plaintiff
appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Wyatt & Trimble, for appellant.
Benjamin Tuska, for respondent.

SCOTT, J. In each of these proceedings to recover possession of
real property for the nonpayment of taxes the Justice made a final
order in favor of the tenant, putting his decision upon the express
ground that the Municipal Court "has no jurisdiction in the prem-
ises, and that these summary proceedings under the statute will not
lie because a right of re-entry for the same cause is reserved in the
lease." The premises are now held under a lease for 21 years exe-
cuted in 1892, being a second renewal of a lease executed in 1850.
It is expressly agreed in the present lease that it is made "upon
the same terms, conditions, and covenants as are in the said original
indenture of lease contained and expressed." The rights and rem-
edies of the parties are then to be determined as if the terms, con-
ditions, and covenants of the lease of 1850 were incorporated into
the present lease of 1892. Among these covenants is one whereby
the lessee covenants and promises to pay the yearly rent on the
days and times and in the manner set forth in the lease. By anoth-
er covenant the lessee covenants and promises to pay and discharge
all taxes, assessments, etc., laid, assessed, or imposed upon the
property. It is also provided as follows:

"That if the yearly rent above reserved, or any part thereof, shall be behind
or unpaid for the space of ten days after any day of payment whereon the
same ought to be paid as aforesaid, or if default shall be made in any or either
of the covenants, conditions, provisions, or agreements herein contained,
* * * it shall and may be lawful for the party of the second part, his heirs
or assigns, unto or upon the said demised premises or any part thereof, in the
name of the whole, to re-enter and the same to have again," etc.

It is not to be doubted that the remedy contemplated by the last
quoted paragraph of the lease is the action of ejectment, and not
summary proceedings under the statute. Michaels v. Fishel, 169
N. Y. 381, 62 N. E. 425; Bixby v. Casino Co., 14 Misc. Rep. 346,
35 N. Y. Supp. 677. Hence if the landlord's only possessory rem-
edy is that which is given by the lease the Justice was right in his

conclusion, and the landlord must be remitted to her action for ejectment. At the time the present lease was made the statute gave to a landlord, outside of any provision in the lease, the right to resume possession of the demised premises by summary proceedings either for nonpayment of rent or for nonpayment of taxes; and it was held by this court in Fleishauer v. Bell, 44 Misc. Rep. 240, 88 N. Y. Supp. 922, that summary proceedings for nonpayment of rent might be maintained notwithstanding that the lease provided for re-entry. The reason, of course, is that the two remedies may be concurrent, and that neither is exclusive of the other, as is distinctly recognized in section 2264 of the Code of Civil Procedure, which provides that a final order in summary proceedings shall not be a bar to an action of ejectment. Michaels v. Fishel, supra, contains nothing to the contrary. It decides merely that certain consequences follow upon the resumption of possession through an action of ejectment which do not follow upon such resumption through summary proceedings, but nowhere in the opinion in that case can there be found expression or intimation that the reservation in a lease of the right to re-enter for nonpayment constitutes ejectment the exclusive remedy and precludes resort to summary proceedings. If the right to re-enter for breach of the covenant to pay rent does not deprive the landlord of his right to resort to statutory summary proceedings for such nonpayment, the right to re-enter for breach of the covenant to pay taxes, etc., does not deprive the landlord of his right to resort to the statutory summary proceedings for such nonpayment, for that also is a right given him outside of and without reference to his lease. Bixby v. Casino Co., supra, is not to the contrary. There the lease provided that for nonpayment of rent the landlord might take such "summary or other proceeding for the recovery of said rent and the possession of the premises as may be permitted by law"; and the court considered that, having specially provided for summary proceedings for nonpayment of rent, the parties intended, under the principle expressed in the maxim "Expressio unius est exclusio alterius," that similar proceedings might not be maintained for nonpayment of taxes. Here there is no such distinction and no room for the application of the maxim. The terms of the lease as to the remedy for nonpayment of taxes are precisely the same as those relating to the remedy for the nonpayment of rent, and if the landlord still has the right to institute summary proceedings for the nonpayment of rent she has the right to resort to the same remedy for the nonpayment of taxes. It follows that the final order in each case must be reversed, and new trials granted, with costs to the appellant.

Final order in each case reversed, and new trial granted, with costs to the appellant to abide the event. All concur.