HERMAN WALTHER ET AL. v. A. R. ANDERSON ET AL.

Decided November 19, 1908.

1.—Appeal—Right to Dismiss.

Upon a motion to dismiss an appeal by one of two appellants, record considered, and held to show that the party making the motion to dismiss was the sole party interested in the appeal, and therefore entitled to dismiss the same.

2.—Justice Court—Judgment—Injunction.

However erroneous the decision of a Justice Court may be on the questions involved in its judgment, the District Court can not enjoin the execution of the same; it is only when the judgment is void for the want of jurisdiction that an injunction will lie. Proceedings in a suit of forcible entry and detainer in a Justice Court, and the judgment rendered therein considered, and held not void for the want of jurisdiction,

**3.—Forcible Entry and Detainer—Termination of Lease—Statute Construed.**

In the statute concerning forcible entry and detainer, the language "after the termination of the time for which such lands were let to him," refers to and includes a termination of the lease by the landlord because of some violation by the lessee of some covenant of the lease, as well as the termination of the lease by the mere efflux of time, and upon termination of the lease by the landlord he may institute proceedings in forcible detainer to recover possession of the premises.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Hunt, Meyer & Townes* and *W. J. Howard,* for appellants.—"Termination of the time," as used in subdivision 3, article 2519, Revised Statutes, means the termination by efflux of time, and not termination by forfeiture on account of violation of a covenant contained in the lease. Art. 2519, Rev. Stats. of Texas, sub. No. 3; Stuart v. Hamilton, 66 Ill., 255; State v. Burr (Minn.), 13 N. W., 676; Oakley v. Schoomaker, 15 Wend., 226; Beach v. Nixon, 9 N. Y., 35; Finkelmeier v. Bates, 92 N. Y., 172; In re Guaranty Bldg. Co., 64 N. Y. Supp., 1056; Smith v. Sinclair, 34 Atl., 943; Du Bochet v. Wharton, 12 Conn., 533; Silva v. Campbell, 24 Pac., 316; s. c., 84 Cal., 420; Cooper v. Marchbanks, 22 Texas, 1.

The District Court has jurisdiction to restrain the execution of a judgment of the County Court in case the judgment is void. Jennings v. Munden, 18 Texas Ct. Rep., 661; Clayton v. Hurt, 88 Texas, 595.

A suit filed in the Justice Court against a defendant for the possession of premises, it being alleged in the complaint in such suit that the defendant is not in actual possession of such premises, but that he is setting up a pretended claim to the possession of same, and a claim that another is acting as his agent in holding said premises, and that he, the defendant, is threatening, in the event such person is ejected, that he will resume possession in person of such premises, is not a forcible entry and detainer suit within the provisions of title 49 of the Revised Statutes; a Justice Court is without power or jurisdiction to hear and determine same, and a judgment rendered in such a suit or proceeding by the Justice Court, or by the County Court on appeal from the Justice Court, is void for want of jurisdiction in such courts to render same, and the execution of such judgment may be enjoined. Rev. Stats., arts. 2519, 2520, 2521 and 2529; Wyatt v. Monroe, 27 Texas, 269; Warren v. Kelly, 17 Texas, 552; Texas Land Co. v. Turman, 53 Texas, 619; Hoffman v. Blume, 64 Texas, 334; Gulledge v. White, 73 Texas, 498.

*Andrews, Ball & Streetman,* for appellees.

REESE, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the District Court in a suit wherein H. Walther and F. P. Chandler sought to enjoin A. R. Anderson, sheriff, and Cockrell & Bonner from executing a writ of possession issued out of the County Court upon a judgment in a forcible entry and detainer suit, brought by Cockrell & Bonner against Walther and Chandler, for the recovery of the possession of a store building in the city of Houston. The gravamen of the suit

is that neither the County Court nor the Justice Court, from which the forcible entry suit was appealed, had jurisdiction, and that the judgment was void. The District Court denied the injunction and dismissed the case, from which judgment Walther and Chandler appeal.

The facts briefly stated, omitting dates which are immaterial, are as follows:

Cockrell & Bonner holding a lease, with power to sublet, from the owner of the building, ending December 15, 1910, sublet it to J. B. Ruhland for a term of four years and ten months, ending December 15, 1910. In this lease there was, among other covenants and stipulations, an agreement that the lessees might sublet with the permission of the lessors Cockrell & Bonner. It was also provided that default on the part of the lessee in keeping and performing any of the covenants or conditions of the lease would authorize the lessors to cancel and terminate the lease, and at once, without notice and without demand in writing, re-enter and take possession. Ruhland died, and his widow and daughter, representing his estate, transferred the lease to H. Walther, who accepted the terms and assumed all responsibilities thereof. Presumably this transfer was with the consent or, at least, without objection from Cockrell & Bonner, although the record is silent as to this point.

Afterwards Walther, being indebted to the Houston Packing Company, executed a mortgage to them on his stock and furniture in the store and on the lease. Walther became further indebted to F. P. Chandler in the sum of $650, which Chandler had advanced to enable him to make a composition with his creditors in bankruptcy, whereupon Walther, without the consent of Cockrell & Bonner, executed to Chandler a paper, the material part of which is as follows:

"Now, therefore, know all men by these presents, that it is agreed by and between the parties hereto as follows: That the said Herman Walther, in consideration of the advances made by the said Chandler, agrees that the said Chandler may go into possession of said leased premises at 503 Main Street, and shall continue to run the same, using the lease and fixtures and what stock in trade may be on hand, and to run said business until the said advances made by the said Chandler are paid off in full, and the amount due the Houston Packing Company is fully extinguished and settled in full.

"It is especially understood and agreed, however, that this instrument shall not operate as a transfer or assignment either of the lease or the fixtures or the business of the said Herman Walther, nor shall the said F. P. Chandler acquire any vested interest either in the business, the fixtures, or in the lease of the said premises, it being clearly and distinctly understood that the said F. P. Chandler shall simply operate said business in the name of Herman Walther as his agent, under the terms of this instrument, until the advances made by him and the claim of the Houston Packing Company are paid in full, and that as soon as that is done, that the possession of said premises and said business shall be returned, together with the fixtures and the lease now held on said building, to the said Herman Walther, the said Herman Walther having the right, during the period that the said Chandler is in possession, to draw from the said business not more than six and 50/100 dollars ($6.50) per month.

"It is further agreed that the said Chandler, in consideration of his services in running said business, shall be permitted to draw from said business a reasonable compensation for his services for so doing, and the said Chandler shall have full power and authority to buy such supplies, goods, wares and merchandise as may be necessary to continue the same, it being the purpose of the said Herman Walther to vest in the said F. P. Chandler full power to do what may be necessary to carry on and continue to run said business.

"And the said Chandler, on his part, in consideration of the compensation to be paid him for his services in running said business, and the return to him out of the proceeds and profits of said business of the amount advanced by him to the said Herman Walther, agrees to run said business as economically as possible, and to return said business to the said Herman Walther as soon as said advances and the claim of the Houston Packing Company are paid in full, free of any charge or lien of any kind or character."

Treating this as a subletting without their consent, and a violation of one of the covenants of the lease, Cockrell & Bonner made demand in writing of Chandler and Walther for possession. Denying that this was an assignment or a subletting, the demand for possession was refused, whereupon Cockrell & Bonner instituted forcible entry and detainer proceedings in the Justice Court against Chandler, afterwards bringing in Walther also, to recover possession. There was judgment for defendants, from which plaintiffs appealed to the County Court, where, upon trial, there was judgment for the plaintiffs, Cockrell & Bonner, for restitution of the premises. Upon this judgment they sued out a writ of possession, which was placed in the hands of A. R. Anderson, sheriff. Thereupon Walther and Chandler instituted this suit in the District Court against Cockrell & Bonner and Anderson, praying that they be enjoined from proceeding to enforce said judgment, with result heretofore stated.

After the record had been filed in this court Cockrell & Bonner sublet to F. E. Pye the premises, possession of which is the subject matter of this controversy. Thereafter Pye made a deal with Walther whereby he obtained from Walther a release of all his rights and claims in and to the leased premises, and in and to the lease from Ruhland to Walther, and agreed that Pye might at once take possession. In this contract between Pye and Walther, Walther expressly revoked, canceled and annulled all the powers and rights conferred upon Chandler by virtue of the agreement hereinbefore set out, and further agreed that he would, as speedily as possible, dismiss the injunction suit, and appointed Pye his agent and attorney with full authority to dismiss the suit either by himself or his attorneys.

Thereafter Cockrell & Bonner and F. E. Pye filed a motion in this court to dismiss this appeal. This motion, which set out the facts herein stated, was sworn to by Cockrell and also by H. Walther. Upon the hearing of this motion, at the last term of this court, the same was granted in so far as the rights of the said Walther were concerned, saving, however, the rights of F. P. Chandler, should it appear upon hearing that he had any rights in himself, and independent of Walther, which should be protected by the appeal.

The petition for injunction in this cause, which is in the names of

Herman Walther and F. P. Chandler as plaintiffs, has the following allegations with respect to the connection of the said Chandler with the premises and the lease:

"That thereafter, on or about the 28th day of August, 1906, the said plaintiff, Herman Walther, filed a voluntary petition in bankruptcy in the Honorable District Court of the United States for the Southern District of Texas, and that thereafter, on or about the 30th day of November, 1906, the Honorable Walter T. Burns, judge of said United States District Court for the Southern District of Texas, sitting at Houston, approved a composition made by this plaintiff in said cause, and thereupon delivered to your petitioner, Herman Walther, the possession and control of said business and of said leased premises, and that your petitioner, Herman Walther, resumed the control of said business as it had been prior to the filing of said petition in bankruptcy. That thereupon your petitioner, Herman Walther, employed at a salary of seventy-five dollars per month the plaintiff, F. P. Chandler, to run and conduct said business for him, and put the said Chandler in charge of said business as his agent, and that the said Chandler thereby became, was, and is now, the agent and representative of the said Walther in the conduct and operation of said business conducted upon said leased premises, and that the possession of the said Chandler was, and now is, the possession of the said Herman Walther, and your petitioner here now attaches a copy of the contract of employment entered into by and between the said Walther and the said Chandler, as an exhibit, and marks same 'Exhibit A,' and asks that the same be considered as a part of this petition."

It is further stated that the lease contract was "held and owned by your petitioner, Herman Walther, and held and possessed by your petitioner, F. P. Chandler, as the agent of the said Walther."

It appears throughout the proceedings in the forcible entry and detainer suit, as well as by the allegations of the petition in this case, that Chandler claimed to have no interest in the lease and no possession or right of possession of the premises except as the agent of Walther. Such seems to have been the construction placed by Chandler, as well as Walther, upon the contract between Chandler and Walther heretofore set out.

In this view it does not seem to us that Chandler has any interest to be further protected by this appeal; that the release by Walther to Pye, the annulling of Chandler's agency, and the dismissal by Walther of this appeal settles the whole controversy, and that the entire appeal as to Chandler, as well as Walther, should be dismissed. We think this result should follow from the express allegations of the petition, which is the petition of Chandler as well as Walther, that his possession was merely that of an agent and employe of Walther, and his possession the possession of Walther.

Should we be mistaken in this, however, we are of the opinion that the judgment should be affirmed as to the appellant Chandler. All of the facts herein set out with regard to the lease to Ruhland, the transfer of the same to Walther, his assumption of the covenants and conditions of the lease, Walther's mortgage of the lease to the Houston Packing Company, and his subsequent contract with Chandler, both without the consent of Cockrell & Bonner, the demand and refusal of possession, were substantially set out in the plaintiffs' complaint in the Justice

Court, and it was alleged that by reason of the violation of the covenant in the lease with regard to subletting, the lessors had declared the lease terminated.

Appellant Chandler expressly disclaims, in his brief, any purpose to deny the extent of the jurisdiction of the Justice Court in forcible entry and detainer proceedings as laid down by the Supreme Court in Clayton v. Hurt (88 Texas, 595). It is admitted that if the Justice Court had jurisdiction the judgment is not void, no matter how erroneous its decision may have been upon the questions decided, and that the injunction would not lie.

It is insisted, however, that the complaint in the Justice Court did not state a case within the jurisdiction of the court under the statute. The statute provides that "if any person shall wilfully and without force hold over any land, tenements or other real property after the termination of the time for which such lands, tenements or other real property was let to him, or to the person under whom he claims, after demand made in writing for the possession thereof by the person or persons entitled to such possession, such person shall be guilty of forcible entry and detainer." "The class of cases of which jurisdiction is conferred by this section of the statute is that where the landlord, or some one entitled to his rights, seeks to recover possession from his tenant, or some one claiming under him, urging as cause of action that the lease under which the possession was obtained has been terminated. The jurisdiction of the court attaches when a case belonging to this class is stated in the face of the complaint." (Clayton v. Hurt, *supra.*)

It is contended, however, by appellant, that the statute is limited to cases where the lease has expired by efflux of time, and does not apply to a case where it has been terminated by the act of the lessor for violation of any of the covenants of the lease, by express authority of the provisions of the lease, as in this case. This, it is claimed, is the meaning of the term "termination of the time of the lease" in the statute. (Rev. Stats., art. 2519.)

We do not think that the language "after the termination of the time for which such lands were let to him" means anything more than after the termination of the time for which the tenant is entitled to possession under the terms of his lease contract. If the tenant holds over after such right has ceased, either by the expiration of the time named in the contract or by termination of the lease, and of the tenant's right of possession thereunder before the expiration of such time, under any contingency upon the occurrence of which it is expressly provided in the contract that the lease shall terminate and the landlord shall have the right to re-enter, such holding would be a "holding over after the termination of the time for which the premises were let to him." In the present case the lease contract should be construed as a letting until December 15, 1910, unless sooner terminated by the landlord for violation by the tenant of any of the covenants of the lease. When such contingency occurred it "terminated the time" for which the premises were let as effectively as would the expiration of the time named as the limit of the lease. In the one case, as well as the other, the tenant's right to the possession ceased, and the landlord's right to re-enter began, and not in the one case more than in the other would it be necessary to resort

to the District Court to have determined the landlord's right to the possession. We do not think that the difficulty which might arise of determining whether, in fact, the covenants of the lease had been broken, so as to give the right of re-entry, requires a different interpretation of the language of the statute, as expressing the legislative intent, nor can the value of the rights involved serve to oust the jurisdiction of the Justice Court.

The leading case cited by appellant is Stuart v. Hamilton (66 Ill., 255). The case arose over the construction of a statute making the tenant liable for double rents where he willfully holds over "after the expiration of the time" and the decision turns upon the definition of the word "expiration." It was held that the statute did not apply to a case where the lease was terminated before the expiration of the time named for breach of a condition. There is, however, a strong intimation that a different interpretation would have been given to the statute if the word "termination" had been used instead of "expiration." The case of State ex rel. Bryant v. Burr (13 N. W., 676) arose upon the interpretation of the language of a statute, giving a summary remedy for recovery of possession of rented premises after "the expiration of the lease," and it was held that it did not apply to a case where there was a right of re-entry under the terms of the lease for breach of covenant against subletting. The following expressions in the opinion seem to support appellant's contention: "We think the phrase means the expiration of the time expressed in the lease as the time thereof. After that the written lease could not afford any pretext to the tenant for remaining in possession, while he might have a good defense against a claim by the landlord, based on an alleged breach of covenants or conditions. And this, we think, is a sufficient reason why the very summary remedy provided in section 12 should be given in the one case and not in the other."

Where, as is alleged in the complaint in the Justice Court in the present case, upon which its jurisdiction depends, the tenant enters into certain covenants, and by the express provisions of the contract gives the landlord the right to terminate his right of possession by re-entry upon breach thereof, and such covenants have been violated and possession demanded in consequence thereof, we can not see that the lease would afford any better pretext for holding over by the tenant than in a case where the time named in the lease had expired.

Other cases cited by appellant as tending to support his contention are Oakley v. Schoomaker, 15 Wend., 226; Beach v. Nixon, 9 N. Y., 35; Finkelmeier v. Bates, 92 N. Y., 172; In re Guaranty Bldg. Co., 64 N. Y. Supp., 1056; Smith v. Sinclair, 34 Atl., 943; Du Bochet v. Wharton, 12 Conn., 533; Silva v. Campbell, 24 Pac., 316.

The case of Cooper v. Marchbanks, 22 Texas, 1, is not in point. The cases cited have been examined; and where they are inconsistent with the views here expressed we do not think they should control us in the interpretation of the language of our statute.

The views here expressed are well supported by authority. (Kramer v. Van Amberg, 4 N. Y. Supp., 613, 15 Daly, 205; Preston v. Stover, 97 N. W., 812; Ellis v. Fitzpatrick, 64 S. W., 568; In re Shoelkopf, 105 N. Y. Supp., 477; Andrews v. Erwin, 78 S. W., 903; Rich v. Rose, 99 S. W., 953; Mageon v. Alkire, 92 Pac., 721; Walker v. Dowling, 68 S.

W., 135; Peterson v. Kreuger, 70 N. W., 567; Justice v. Lowe, 26 Ohio St., 372; Heiple v. Reinhart, 69 N. W., 871; Martin v. Crossley, 91 N. Y. Supp., 712; Crosby v. Jarvis, 92 N. Y. Supp., 229; Quinn v. McCarty, 81 Pa. St., 475; Foillin & Fourgeaud v. Coogan, 12 Rich. Law (So. Car.), 44.)

In the opinion in Walker v. Dowling, *supra,* the Supreme Court of Kentucky says: "And subsection 3 of section 452 of the Code defines a forcible detainer to be 'the refusal of a tenant to give possession to his landlord after the expiration of his term.' The failure of appellant to pay the State and county tax, in accordance with his contract, at the time they became due, operated *ipso facto* to terminate his lease, and his landlord was entitled to resort to the writ of forcible entry and detainer to regain possession of the premises."

In the present case the subletting to Chandler without the consent of Cockrell & Bonner, and their demand for possession, by the express stipulation in the lease contract, operated *ipso facto* to terminate the lease, or "the time for which the premises were let," which is the same thing.

This presents the main contention of appellant, as set out in the first and second assignments of error and propositions thereunder, which are overruled. Other assignments have been examined, and, with the propositions thereunder, are overruled without further discussion.

The trial court did not err in holding that the Justice and County Courts had jurisdiction to hear and determine the forcible entry and detainer suit, and that the judgment therein was not void, and in denying the injunction. Finding no error, the judgment is affirmed.

*Affirmed.*

Writ of error refused.