Texas Central Railroad Company v. J. B. Watson.

Decided March 20, 1909.

**1.—Carrier—Damage to Goods—Charge.**

In a suit against a railroad company for damage to a shipment of household goods, charge considered, and held error in that it authorized a verdict for plaintiff if the goods were shipped over plaintiff's line and were lost or damaged, without regard to the question of negligence on the part of the carrier.

**2.—Same—Several Carriers—Presumption.**

Where goods are shipped over the lines of more than one carrier, the presumption is that any damage to such goods was done on the line of the last carrier.

**3.—Same—Measure of Damage.**

In a suit against the carrier for damage to a shipment of household goods, the court charged the jury as follows: "In case of damage to goods the measure of damage is the difference in the value of the goods in the condition in which they are received and the value of such goods if received in good order." Held error in that the jury was thereby authorized to include in their estimate the injuries necessarily incident to the transportation, and to compare the value of the goods at the place of shipment with their value at destination.

Appeal from the County Court of Jones County. Tried below before Hon. Jas. P. Stinson.

*Thomas & Chapman,* for appellant.

*Arnold & Smith,* for appellee.

SPEER, Associate Justice.—Appellee recovered a judgment against appellant for damages to certain household goods shipped by him over the line of appellant and a connecting carrier from Llano to

Stamford. At Stamford the goods, or a portion of them, were received by appellee and again shipped over another line of railroad to Anson. The damages recovered covered certain articles of the goods that were lost and damages for injuries to the balance.

Complaint is made of the following paragraph of the court's charge: "You are therefore charged that if you find from a preponderance of evidence before you in this case that J. B. Watson, plaintiff, shipped over the line of railway of defendant Texas Central Railway Company the household goods alleged to have been shipped, and you further find that said goods or any of them were damaged, lost or destroyed, if they were damaged, lost or destroyed, you will find for plaintiff such sum as you may believe him entitled, if any, not exceeding the amount sued for, and unless you so believe you will find for defendant." It will be seen from this charge that the jury were authorized to find for appellee if the goods were shipped over the line of appellant and were subsequently lost or damaged, regardless of whose fault caused such loss or damage, or indeed, whether the loss was caused through the fault of any one. Appellant, of course, would only be liable for damages resulting from its own negligence. Besides, as already stated, the goods were transported over the line of another carrier before they finally reached the hands of appellee, and as to the damaged goods delivered to him the presumption is that the last carrier was liable. (Ft. Worth & D. C. Ry. Co. v. Shanley, 36 Texas Civ. App., 291; Texas & Pac. Ry. Co. v. Capper, 38 Texas Civ. App., 61.)

The charge also imposed too great a burden on appellant with respect to the measure of damages, the language used being as follows: "And in case of damage to goods the measure of damages is the difference in the value of the goods in the condition in which they are received and the value of such goods if received in good order." This charge is calculated to cause the jury to include in their estimate of damages injuries necessarily incident to the shipping of the goods, while the carrier would be liable only for those injuries resulting from its negligence. (Texas & Pac. Ry. Co. v. Stewart, 114 S. W., 414.)

The measure of appellee's damages will be the difference in the value of his household goods in the condition in which they were delivered to him at Stamford and the condition they would have been in had there been no negligence on the part of appellant. And in determining these values the Stamford values should be used, and not those of Llano.

For these errors the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*