### W. D. CUNNINGHAM ET AL. v. THE STATE.

#### No. 6856.

1. **Original Papers in Transcript.**—When it is desired that original papers used upon the trial in the court below shall accompany the transcript, the proper practice is to obtain an order of the trial court to that effect.

2. **Same—Practice in Supreme Court.**—Without such order this court can not pass upon as part of the record original papers sent up by agreement of counsel.

3. **Same.**—In the trial court Land Office copies were objected to for want of *the seal*

being to the certificate of the Commissioner. A bill of exceptions showed that the trial judge held that the impress of the seal was sufficient. The copies were included in the transcript. *Held,* in the absence of an order sending the original papers to this court for inspection the statement of the judge below as certified in the bill of exceptions to the sufficiency of the impress of the seal will not be revised.

4. **Amendment.**—In a suit for land in which the plaintiff sets out his title and by amendment changes the suit into a simple action of trespass to try title, such amendment by enlarging the scope of the admissible evidence of title may be a matter of surprise to the defendant, such as to entitle him to a continuance.

5. **Surprise—Continuance.**—When by an amendment of the petition a defendant is entitled to a continuance on ground of surprise, such continuance must be asked for and exceptions to its refusal taken and shown by bill of exceptions.

APPEAL from Donley. Tried below before Hon. Frank Willis. The opinion states the case.

*Charles Wheeler,* for appellants. —1. The court erred in overruling appellants' objection and admitting in evidence certified copies from the General Land Office of the land certificate and field notes for the land in controversy. The Commissioner of the General Land Office is required by law to keep a seal of office, with the words "General Land Office, The State of Texas," engraved around the margin; all copies from the General Land Office to be admissible in evidence must be certified by the Commissioner and attested by the seal of the General Land Office. The seal as prescribed was not attached to the copies. Rev. Stats., arts. 2779, 2253.

2. Appellee's second amended original petition was of such a character and presented at such a time as to take appellants, defendants below, by surprise, and the trial court upon the suggestion of such surprise from counsel should have continued the cause without requiring a sworn application for continuance. Rule 16 for Dist. Cts.

*J. S. Hogg,* Attorney-General, *R. H. Harrison,* Office Assistant, and *L. D. Miller,* District Attorney, for appellee.

On Land Office copies. Rev. Stats., art. 2253; Holmes v. Anderson, 59 Texas, 481.

On surprise as grounds for continuance. Rev. Stats., art., 1276; Rules for Dist. Cts., 16 and 69; Cummings v. Rice, 9 Texas, 527; Fisk v. Miller, 13 Texas, 225.

GAINES, ASSOCIATE JUSTICE.—This suit was originally brought by the State to cancel a sale of a certain section of school lands lying in Donley County alleged to have been made to appellant Cunningham. By an amended petition appellant Montgomery was made a party defendant. The first amended petition alleged the sale of the land to Cunningham, his failure to comply with the conditions of the sale, and that Montgomery

was setting up a claim to the property.   On the day of the trial a second amended petition was filed on behalf of the State changing the suit to an ordinary action of trespass to try title, and containing only the averments essential to maintain that action under the provisions of our statute.

During the progess of the trial the plaintiff offered in evidence certified copies of certain documents on file in the General Land Office.   The evidence was objected to upon the ground that the impression attached to the officer's certificate which purported to have been made by the seal of his office, had no words or letters thereon showing or tending to show that it was made with such seal.   The evidence was admitted and bills of exception allowed.   The trial judge, however, modified the bills of exception by stating that the impression though dim was evidently made by the seal provided for the Commissioner.   The original copies offered in evidence are not made a part of the bills of exception; nor does it anywhere appear that the court ordered them to be sent up to this court as a part of the record.   They are found, however, incorporated in the record and endorsed with an agreement of counsel that they are the papers referred to in the bills of exception and that should be sent up as parts of the record for the inspection of this court.   When it is desired that original papers used upon the trial in the court below shall accompany the transcript, we deem the proper practice to be to obtain an order of the trial court to that effect.   This seems to have been contemplated when the present rules were adopted.   See Rule 62, of "Rules for the Supreme Court."

The trial judge must sign the bills of exceptions and the statement of facts.   To permit the counsel in a case to agree to send up original documents as those ruled upon in a bill of exceptions without his approval or order, would be to allow them to bring to this court by agreement a question not passed upon by the court below.   It is against the policy of the law and the spirit of our statutes and rules to permit this.   We are of opinion, therefore, that we are not at liberty to look to the certified transcripts from the Land Office attached to the record in this case in determining the correctness of the court's ruling in admitting the evidence, and that we must take the statement of the presiding judge that the impression upon the papers was sufficiently distinct to enable him to identify it as the seal of the Commissioner of the General Land Office, as conclusive of the question.

It is insisted the court below should have granted defendants' motion for a new trial on the ground of surprise by the filing of the last amended petition.   A plaintiff in a suit for the recovery of real estate who has specially pleaded his title is confined upon the trial to the proof of the title so pleaded; but should he amend and file his petition in the statutory form he may prove any title under which he claims.   Hence such an amendment is well calculated to operate a surprise to the defendant.

In this case the State had alleged a sale to Cunningham and a forfeiture of that sale. Under that pleading it was unnecessary for defendants to prove the sale. By the amendment this became necessary, since the State had the power to make a prima facie case by showing that the land had been surveyed and set apart as school lands under the law. The defendants were clearly entitled to claim a continuance on the ground of surprise upon the coming in of the State's last amended petition. But the defendants should have demanded the continuance, and if refused should have taken an exception. It does not appear from the record in any proper manner that a continuance was demanded. The judgment entry shows that the plaintiff announced ready, but is silent as to the defendants. In the absence of an exception to the ruling of the court forcing them to trial the presumption is that they went to trial willingly. It was too late to raise the question for the first time in the motion for a new trial.

It appears from the motion that when the case was called for trial the defendants were absent. Under such circumstances we may imagine a case in which counsel might properly proceed to trial upon the coming in of an amendment presenting new issues. They might be ignorant of important facts known to their clients and not necessary to have been disclosed to them by the latter under the issues presented under the original pleading. But the motion for a new trial discloses no such state of case. The counsel for the defendants must have known that they claimed title to the land under a sale from the State, and when the pleadings were so changed that it became necessary for them to prove this they should have demanded a continuance, and upon its refusal have taken a bill of exceptions. This was not done. We conclude therefore that the court did not err in overruling the motion for a new trial.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered October 15, 1889.