BONNETT–BROWN SALES SERVICE CO. v. DENISON MORNING GAZETTE. (No. 1302.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 5, 1917. On the Merits, March 13, 1918.)

1. APPEAL AND ERROR ☞643(4)—RECORD ON APPEAL—TIME TO PRESERVE.

Under court rule 11 (142 S. W. xi), requiring motions for certiorari to perfect the record to be made as required by rule 8 (142 S. W. xi), which requires motion relating to informalities to be filed within 30 days after filing the transcript, where a transcript was filed in July, a motion for certiorari to perfect the record made on November 17th was too late.

2. APPEAL AND ERROR ☞660(1)—RECORD ON APPEAL—TIME TO PRESERVE.

Under rule 57 (142 S. W. xvi), as to bringing up original papers, an order of the trial court is prerequisite to incorporation of such papers in the record on appeal.

3. SALES ☞355(1)—ON THE MERITS—BREACH —ACTIONS—EVIDENCE—ADMISSIBILITY.

In an action for alleged balance due under contract, under defense of rescission, where plaintiff failed to allege estoppel to rescind by accepting the articles sold under the contract, evidence of such acceptance was irrelevant and immaterial.

4. APPEAL AND ERROR ☞1057(2)—HARMLESS ERROR.

In action for alleged balance due on contract, exclusion of statement of witness that defendant broke the contract, if error, was harmless, where such fact was admitted in the pleadings and established by other witnesses.

5. PRINCIPAL AND AGENT ☞103(12)—UNAUTHORIZED ACTS OF AGENT—EVIDENCE—ADMISSIBILITY.

Where plaintiff's agent took defendant's order on blank which provided that salesmen were not authorized to alter the sales offer by verbal agreement, and wrote on the back of the carbon copy left with defendant that, if defendant became financially unable to complete the contract, he might, on notice, rescind, such clause was admissible in evidence in plaintiff's action for the alleged balance due, since the contracts were duplicate originals.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

6. SALES ⬥⬥91—RESCISSION—NOTICE.
    Defendant was justified in sending his notice of rescission to the address stated on his duplicate of the contract.

7. EVIDENCE ⬥⬥179(2) — COPY OF LETTER — NOTICE TO PRODUCE ORIGINAL.
    When plaintiff failed to produce the original letter of rescission after due notice, a carbon copy thereof was admissible.

8. TRIAL ⬥⬥203(1)—INSTRUCTIONS.
    While the court is not required ordinarily to state the issues made by the pleadings in the preliminary part of the charge, if he attempts to do so, the issue should be correctly stated.

9. TRIAL ⬥⬥239—INSTRUCTIONS.
    In action for balance alleged to be due under contract, where defendant made unconditional tender of a smaller sum, instructions precluding recovery of anything except the amount sued for was error.

10. TRIAL ⬥⬥251(5) — INSTRUCTIONS — CONFORMITY WITH PLEADINGS.
    In action for balance alleged to be due under contract, instruction that, if defendants defaulted in payment before cancellaion of the contract, to find for plaintiff was error, in the absence of a pleading to support it.

Appeal from Grayson County Court; Dayton B. Steed, Judge.

Action by the Bonnett-Brown Sales Service Company against the Denison Morning Gazette. Judgment for defendant, and plaintiff appeals. Reversed and remanded. There was a preliminary motion for certiorari to bring up certain original papers. Motion overruled.

Brame & Brame, of Sherman, for appellant. P. O. French, of Denison, and G. C. Harney, of Sherman, for appellee.

HALL, J.   [1] The appellee moves this court to order the original contract and a certain postal card described in the motion filed in this court, and supports the motion by the affidavit of the trial judge that both of said papers were introduced in evidence, and the motion is further supported by the affidavit of the county clerk that the original contract was a part of the evidence introduced upon the trial. This motion is resisted by appellant. Rule 8 (142 S. W. xi) for Courts of Civil Appeals provides that all motions relating to informalities and the manner of bringing a case into this court shall be filed here within 30 days after the filing of the transcript, and that such objection shall be considered waived if not filed within 30 days. The transcript and statement of facts were filed in the Court of Civil Appeals at Dallas in July. This motion was filed in this court November 17th. Rule 11 (142 S. W. xi) for the Courts of Civil Appeals provides that motions for certiorari to perfect the record shall be made within the time required by rule 8 (142 S. W. xi), and if made afterwards they will be entertained only upon such terms as the Courts of Appeals may deem just and proper. No reason is shown why the motion was not filed within the time, and in our opinion it should not be considered.

[2] However, we doubt the authority of this court to grant the motion and order original papers sent from the county court. Rule 57 (142 S. W. xvi) for the Courts of Appeals provides that original papers sent up with the transcript by order of the trial court for the inspection of the appellate court will be retained in the office, and will not be allowed to go out of the custody of the clerk, except by order of the justices of the court. As said by Gaines, Justice, in Cunningham v. State, 74 Tex. 511, 12 S. W. 217:

"When it is desired that original papers used upon the trial in the court below shall accompany the transcript, we deem the proper practice to be to obtain an order of the trial court to that effect. * * * To permit the counsel in a case to agree to send up original documents as those ruled upon in the bill of exceptions, without his approval or order, would be to allow them to bring to this court, by agreement, a question not passed upon by the court below. It is against the policy of the law and the spirit of our statutes and rules to permit this."

The record contains no order of the trial judge that the original papers be sent to this court, and until that has been done we doubt our authority to issue a writ of certiorari to the lower court.

The motion is overruled.

On the Merits.

Appellant instituted this suit in the county court of Grayson county, against W. H. Taylor, J. E. Wall, and W. H. Whitley, a firm doing business in the city of Denison under the name of Denison Morning Gazette. The basis of the suit is a contract entered into between the parties, providing for the purchase of property described in the contract as follows:

"M. W. N. & Fur. O. L. & Coup. Sales Service in Matrix form, to be shipped at our expense on the following terms and to consist of: 4 sheets, Mens and Womens each, monthly, semimonthly, two sheets each newspaper and furniture sent monthly. Stock books, mens and womens, complete to date. 50 coupons, 6 special coupons."

Although we have searched the record and statement of facts diligently we are unable to give any idea as to what the subject-matter of this contract is, but we presume the parties know, and that the contract does not relate to any matters illegal or against public policy. We don't understand why the defendants did not attack it for uncertainty and ambiguity. Appellant sought to recover an alleged balance of $399, alleged to be due under the contract, for the things mentioned above, whatever they may be, furnished to appellees, and for which no payment had been made. The defendants answered by general demurrer and specially that they were not indebted to the plaintiff in any sum except $19, which they tendered

into court. They admitted execution of the contract, but alleged that there was a clause written by one Hurd, the agent or salesman of the plaintiff, on the back of the carbon copy of the contract kept by defendants, as follows:

"In case of not being able financially to meet conditions of this contract same will be canceled upon notification of the fact to Bonnett-Brown Sales Service, 223 W. Jackson Blvd., Chicago."

They allege that they became financially unable to comply with the contract, and so wrote plaintiff to said address. By supplemental petition plaintiff denied that said indorsement was made by its authorized agent or by any one having authority to enter the term above quoted upon the contract; that the said Hurd had no authority to make contracts or to enter into any stipulations or conditions, but was authorized only to solicit and send in orders which were of no effect until accepted by Bonnett-Brown Sales Service, and when this was done and written notice of such acceptance was mailed to the party offering to purchase, it became the contract of the parties, and was not subject to cancellation; that Hurd was not the agent of plaintiff, authorized to write the stipulation on the reverse side of the copy of the contract, as contended by defendants, and had no authority so to do; that if defendants desired to impose such condition, they should have had the same indorsed on the original contract which was sent to and accepted by plaintiff so as not to deceive or mislead plaintiff or enable any one else to do so, and defendants are estopped from claiming that such indorsement became any part of the contract; that the order or offer to purchase received and accepted by plaintiff had no such agreement as that set up by defendants in their said answer, and plaintiff had no notice of such indorsement until after this suit was brought; that salesmen were not authorized to change such order or offer by verbal agreement. There was a verdict and judgment for defendants.

[3] Plaintiff offered the deposition of Arthur Bonnett to prove that the defendants accepted the semimonthly shipments on the contract long after they claimed they notified plaintiff to cancel the agreement. This was objected to because it was irrelevant and immaterial, and we think the objection was properly sustained. Plaintiffs did not plead that defendants were estopped by accepting under the contract, and the evidence was clearly irrelevant.

[4] That part of the answer of the witness Bonnett to the twelfth interrogatory, as follows:

"They broke their contract by not having allowed us to fulfill our end of same, and by not having remitted each installment as due promptly"

—was excluded upon the same objection. While it may not have been immaterial and irrelevant, and was not, we think, a conclu-sion of the witness, but was rather the statement of a fact, the error, if any, is harmless, because the facts testified to were admitted in the pleadings and established by other witnesses.

[5] Appellant contends under the third assignment that the court erred in admitting that portion of the contract referred to above, written upon the back of it by Hurd, its agent. The contract contains this provision, "Salesmen are not authorized to alter this sales offer by verbal agreement." Of course this provision in no way affects the written statement referred to. It appears from the statement of facts that Hurd filled out the order or contract in duplicate by the use of carbon, retaining one copy and leaving the other with the appellees. They are therefore duplicate originals, except as to the indorsement made by him upon the one left with appellees. It was not shown that appellees knew that the copy retained by Hurd and sent in to appellants did not contain the same indorsement. The indorsement is a material part of the contract, and but for it the evidence is the appellees would not have executed it. They are not chargeable with the failure of Hurd to notify his principal of such stipulation, and if appellants have any right to complain, it is of Hurd in not making the indorsement upon both copies, or his failure to inform them that such stipulation was a part of the duplicate original left with appellees. The authority of Hurd to accept an offer of that kind and forward it to his principal cannot be questioned. By express terms of the offer itself it did not become the contract of the parties until accepted by appellant. The authority of Hurd to receive written offers is admitted by appellant's president, Arthur Bonnett.

[6, 7] Appellees offered a carbon copy of a letter written by them to appellant and addressed to 223 West Jackson Blvd., Chicago, the address given them by appellant's agent, Hurd. If this was not appellant's correct address, it was not shown that appellees knew that fact, and they were justified in sending their letter, notifying appellants that they were not financially able to further comply with the contract to such address. After due notice to produce the original given to appellant, and upon their failure to do so, appellees were entitled to have the carbon admitted in evidence.

The agency of Hurd having been fully established by the evidence of Bonnett, the admission of the testimony of J. E. Wall upon that point is harmless error.

[8] While the court is not required ordinarily to state the issues made by the pleadings in the preliminary part of the charge, if he attempts to do so the issue should be correctly stated. This the court failed to do, and in this particular case we think the failure to fully and correctly state the issues has been prejudicial to appellant. The

matter, having been called to the attention of the court by proper objections, and the objections having been overruled, will require a reversal of the judgment.

[9] The exceptions to the first paragraph of the court's charge was because it restricted plaintiff's recovery to $399, and did not allow the jury to find for the plaintiff any other amount. Appellees made an unconditional tender of $19, which they paid into the registry of the court, and practically admitted their indebtedness in that sum; in fact, by a fair construction of the contract the court must have concluded that they were due that amount, and yet under the first paragraph of the charge the jury were precluded from returning a verdict for even that amount. The court did not err in overruling appellant's exceptions to the second paragraph of the charge, nor in refusing to give special charges Nos. 1, 2, 3, and 4, requested by appellants.

[10] The fifth special charge was upon the issue of estoppel, and instructed the jury that if they found the defendants made default in the payment of installments, or that said payments became delinquent before defendants notified plaintiff of their intention and desire to cancel said contract, then to find for plaintiff. There was no pleading under which this charge could have been properly given.

The eighth special charge, under which the jury might have returned a verdict for plaintiff for a less sum than $399, should have been given; and the failure to do so was prejudicial error.

The remaining assignments are overruled.

For the errors indicated, the judgment must be reversed, and the cause remanded.

---

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes