**PICKENS v. RANKIN et al. (No. 8362.)**

(Court of Civil Appeals of Texas. Galveston. Feb. 8, 1924.)

1. **Appeal and error ⟷212—Error in peremptory instruction available without objection in trial court.**

Error in taking the entire cause from the jury by peremptory instruction and rendering judgment for defendants may be assigned without prior objection in the trial court, as required by Rev. St. arts. 1971, 2061, in the case of errors in charges applying the law for the jury's guidance and special charges.

2. **Corporations ⟷121(6)—In action on notes for stock, peremptory instruction for defendants held proper, in view of undisputed evidence.**

Where the undisputed evidence, in an action on notes given for corporate stock, showed not only the existence of plaintiff's option to demand back the stock unpaid for on nonpayment of any two of the notes, and defendants' option of returning such stock at any time and receiving back the unpaid notes, but the actual exercise of defendants' option, the court properly took the case from the jury and entered judgment for defendants.

3. **Contracts ⟷9(1), 10(4)—Stock sale contract granting reciprocal options to terminate held not void for want of mutuality and certainty.**

A contract, giving a seller of corporate stock the right to demand back the stock unpaid for on nonpayment of any two of 25 notes given therefor, and the buyers the option of returning the stock unpaid for at any time and receiving back the unpaid notes, held not void for want of mutuality and certainty, as leaving the terms of enforcement with the makers of the notes exclusively, or depriving the seller of power to prevent any action they might take.

4. **Contracts ⟷10(4)—Objection of lack of mutuality removed by payment of one-third of consideration.**

A contract reserving to buyers of corporate stock the right to return stock unpaid for and receive back unpaid notes given therefor held not void for want of mutuality, in view of

their payment of $1,000 of the $3,000 purchase price.

5. **Appeal and error ⟷1047(5)—Requiring plaintiff to offer in evidence all of each note sued on held not prejudicial error.**

Where a seller of corporate stock sued on the entire contract, which he set out in full in his pleading, and offered in evidence, in their entirety, notes given for the purchase price, any error in requiring him to offer the whole of each note in evidence, instead of only the parts containing the makers' unconditional promises to pay, was not prejudicial.

6. **Corporations ⟷121(5)—Fraud in conducting laundry for controlling stock in which notes were given held not shown.**

In an action on notes given by purchasers of the controlling stock in a laundry taken over by them, where there was no evidence as to the overhead expenses, fixed charges, or other items necessarily deductible from the gross income before it could be estimated whether it had been properly operated, the court did not err in refusing to submit the issue of fraud in so conducting the laundry as to make its stock worthless and put defendants in a position to tender it back in cancellation of the notes, as authorized by the contract.

7. **Corporations ⟷120—Fraud by maker of notes for stock sued on held immaterial as respects exercise of option to return stock not paid for.**

In an action on notes given for the controlling stock in a laundry, alleged fraud by one of the makers in so operating the laundry as to make the stock worthless, for the purpose of enabling him to exercise an option to return stock unpaid for at any time in cancellation of the notes, *held* immaterial, no such action being necessary for such purpose.

8. **Fraud ⟷18—Materiality of matter essential.**

Fraud as to an immaterial matter is not actionable.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by S. R. Pickens against W. H. Rankin and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Johnson & Gilmore, of Houston, for appellant.

Maurice Hirsch & Allen Hannay and Louis, Campbell & Nicholson, all of Houston, for appellees.

GRAVES, J. [1] At the outset appellees object to our consideration of appellant's third and fourth assignments of error and attendant proposition No. 5, on the ground that no bills of exception nor other showing that objection was made at the time the complained of action was taken appear in the record, as prescribed in Revised Statutes, arts. 1971, 2061. The objection cannot be sustained; both of these assignments com-

plain of the action of the trial court in taking the entire cause from the jury by peremptory instruction and rendering judgment direct for the appellees; in Kirlicks v. Texas Co. (Tex. Civ. App.) 201 S. W. 687, affirmed by the Supreme Court in 110 Tex. 90, 216 S. W. 385, this court held that such direction was subject to challenge on appeal, though no prior objection was made in the trial court, and that "the charge" as used in article 1971 has reference only to a charge applying the law for a jury's guidance, and not to a peremptory instruction removing from them the entire case. Neither does article 2061 stand in the way; it relates only to special charges. Railway v. Dickey, 108 Tex. 126, 187 S. W. 184.

Appellees bought from appellant stock in the American Laundry & Dye Works of Houston of the par value of $16,910 for an agreed consideration of $3,000, $500 of which was paid in cash and 25 monthly notes for $100 each given for the other $2,500; the first 5 of these notes were paid as they matured, but the remaining 20 never were, and appellant filed this suit against appellees, the makers, to recover thereon; appellees answered, among other things, by declaring that the contract for the purchase of the stock, as reflected in the provisions of the notes, gave appellant on the one hand the right, in event of nonpayment of any two of the notes, to demand back the proportionate part of the stock unpaid for, and to themselves on the other the option of returning the stock unpaid for at any time and receiving back the notes then unpaid, the exercise of either of which reciprocal options by its holder automatically relieved both sides of further liability; they further averred that, after paying the first 5 of the series of notes, they had chosen to exercise their option rather than to pay the 20 remaining ones, and both before and after the maturity of note No. 6 had tendered the stock then unpaid for back to appellant, which tender was renewed in court, and that appellant had refused to accept it. A denial that any provision of the contract carried the right to accelerate the maturity of the payments was also entered.

By supplemental pleading appellant charged that, when two of the notes were unpaid, and before appellees had offered to return the stock, he had exercised his option to declare them all due; that at the time they purchased the stock, which constituted about 85 per cent. of the capital stock of the corporation, appellees agreed with him that they would so conduct the laundry as not to cause the stock to depreciate in value or become worthless, which agreement had been violated by appellee Rankin's converting the corporation's earnings to his own benefit while refusing to pay its current debts, and that Rankin fraudulently pursued this course in order to render the stock worthless and force the corporation into bankruptcy, "for the purpose of giving him the opportunity to exercise the purported option set out in said notes whereby defendants might return said stock in cancellation of said notes"; that this conduct in fact rendered the stock worthless, threw the concern into a receivership, and consequently estopped appellee from exercising any such purported option to return the stock in cancellation of the unpaid notes. These additional allegations were denied by appellees.

The notes involved, after the usual formal promise to pay the amount specified, all contained these provisions:

"This note is one of a series of 25 notes this day given to the said S. R. Pickens.

"In the event of nonpayment of any 2 notes of this series when due, S. R. Pickens shall have the right to demand back the proportionate part of $16,910 par value American Laundry & Dye Works stock unpaid, on a basis of $3,000 for full payment therefor; and the parties hereto shall at any time be privileged to return to S. R. Pickens the proportionate part of stock unpaid, and receive back any notes then unpaid; in either of which events all parties hereto shall be relieved of further liability hereunder."

After the evidence for both parties had been received, the court granted appellees' motion to that end, withdrew the cause from the jury, and rendered judgment in their favor. From that action this appeal by the plaintiff below proceeds.

[2, 3] The undisputed evidence not only showed the contract for the purchase of the stock to be attended by the quoted provisions in the notes according to each of the parties to the transaction the corresponding options therein stipulated for, but also showed the actual exercise of theirs by the appellees in the manner alleged by them in their answering pleadings; the development of this situation, in our opinion, ended the case, and left the trial court no alternative than to do as it did, enter judgment for the appellees. No reason occurs to us for holding the contract represented by the quoted stipulations invalid; the contention of appellant that the clause granting the reciprocal options is void for want of mutuality and certainty cannot be sustained. It is a nonsequitur from these recitations to conclude, as appellant does, that they leave the terms of the agreement as to its enforcement exclusively with the makers of the notes; the contrary appears perforce of the express recitations themselves; likewise, and for the same reason, it cannot be true that appellant had no power to prevent any action the makers of the notes might have desired to take, because he himself had the affirmative right, upon default in the payment of 2 of them, to recall all the stock then unpaid for by demanding it back, which demand appellees were correlatively obligated to comply with. There is no lack of mutuality in this. The transaction repre-

sented by the notes, that is, the sale of the stock, was an entirety, to become final if paid for in full; every right accruing to either party under it carried a corresponding duty upon the part of the other; if default in two payments were made, appellant could demand the return of the stock, and appellees must comply; in turn, if appellees at any time perferred to tender back the stock still on hand and secure a pro tanto cancellation of their outstanding notes, appellant must accede, and upon the exercise by either of these privileges so accorded both were to be released from further obligation.

This agreement upon appellant's part that appellees might at any time return the unpaid for stock in cancellation of such of their notes as he then held could in no sense be said to be independent of their obligation to pay the notes; on the contrary, it plainly went to the entire consideration of the contract between them, and was therefore an inseparable part of it; both provisions appear in the same instrument, the notes evidencing the transaction as an entirety, which simply was that the one party agreed to sell the block of stock and the other to buy it for an agreed price, at the same time—as inherent and accompanying privileges—the seller retaining the right, upon the development of certain conditions, to demand it back, and the buyers, upon the happening of other conditions, to voluntarily return such of it as they had not by that time paid for, and be released from further obligation.

In such circumstances the recision feature of the contract was clearly enforceable. 13 Corpus Juris, 571; Rigsby v. Bank (Tex. Civ. App.) 241 S. W. 207; Bonnett-Brown Co. v. Gazette (Tex. Civ. App.) 201 S. W. 1044; Piano Co. v. Costley (Tex. Civ. App.) 116 S. W. 135.

[4] Another consideration also applies; even if it could be said that this right of recission in appellees was at the time of its inception a unilateral agreement, that status was not maintained and did not exist at the time appellant sought to enforce payment of the notes sued on; the uncontroverted proof showed that on original execution of the notes appellees paid in cash $500 of the agreed price of $3,000 for the sale of the stock to them, and thereafter paid 5 of the $100 notes, appellant thus having received $1,000, or one-third of the total consideration; this removed—if it ever could have been properly made, which we do not think was the case—any possible objection of a lack of mutuality in the beginning. Halff v. Waugh (Tex. Civ. App.) 183 S. W. 840; Edwards v. Roberts (Tex. Civ. App.) 212 S. W. 673; Gary v. McKinney (Tex. Civ. App.) 239 S. W. 283.

[5] Two further arguments for a reversal are presented by appellant:

(1) That the court erred in requiring him, on the objection of appellees, to offer in evidence the whole of each note sued on by him instead of only that portion of each of them which contained the unconditional promise of the makers to pay the amount specified, as he sought to do.

(2) That his pleadings and evidence raised an issue of fraud for the jury on the part of appellee Rankin in so conducting the laundry as to make its corporate stock worthless, and thereby put appellees in position to tender back the stock in cancellation of the notes.

We conclude that no prejudicial error is shown in either particular. Appellant sued upon the entire contract, his own pleading setting out the instrument declared upon in full; moreover, the statement of facts shows that at the outset of his case he offered in evidence in their entirety the 20 notes he so sought recovery on.

[6] The contention that an issue of fraud was made which should have been submitted to the jury cannot be upheld for two reasons: (1) The evidence was insufficient to support it; and (2) the averment of it related to an immaterial matter.

Appellant's counsel, in oral argument before this court, very properly took pains to reiterate what the record itself also shows—that no charge of fraud in any respect had been made or was intended to be insinuated against appellee Hirsch, confining the allegation in that respect to the other appellee; but, as stated, this was by no means sustained.

The evidence as a whole utterly fails to show any such facts or circumstances as could form the basis of a finding of fraud; there was some proof tending to indicate the gross receipts, as well as the amount of the weekly payrolls, of the laundry under the management of appellee Rankin, but nothing whatever as to the overhead expenses, fixed charges, or other items which necessarily had to be deducted from the gross income before any estimate even could be made as to whether or not it had been properly or fairly operated. Obviously in such circumstances the court could not have erred in failing to send the cause to the jury on a mere charge of fraud.

[7, 8] Moreover, the fraud charged was an immaterial one; it was, as before recited, that appellee Rankin so operated the laundry, after he became manager under purchase of the controlling interest, as to make the stock worthless, for the purpose of enabling him to exercise the purported option to return the stock in cancellation of the notes; no such action was necessary on his part to put him in position to exercise his option, he plainly had that right under the express terms of the written contract, and it would have been a needless sin for him to have gone out of his way and committed a fraud upon appellant merely to get what he already had without it. Fraud as to an immaterial matter is not actionable. 12 R. C. L. c. 5, pp. 297–301;

Carson v. Houssels (Tex. Civ. App.) 51 S. W. 290.

These conclusions determine the merits of the appeal; under them, the judgment of the trial court should be affirmed; and it has been so ordered.

Affirmed.