### W. M. CLEGHON ET AL. v. L. D. BOXLEY ET AL.

Decided December 8, 1909.

**1.—Sequestration—Affidavit—Value.**

An affidavit for sequestration must show the value of the property sought to be taken. Verification of the petition is insufficient where it does not contain an allegation of the value.

**2.—Continuance—Amendment—Surprise.**

An amendment on the eve of trial, though it present a new cause of action, does not entitle defendant to a continuance in the absence of a showing that he had not time to present his defense or procure the testimony necessary therefor.

Appeal from the District Court of Ward County. Tried below before Hon. James L. Shepherd.

*Parker & Buck,* for appellants.—Affidavit must show the property sought to be sequestered and its value. Rev. Stats., art. 4565; Morgan v. Turner, 4 Texas Civ. App., 192.

The court erred in overruling defendant's application for continuance. Texas Railway Co. v. Goldberg, 68 Texas, 687; Rose Notes, book 3, Texas, 866; Central Railroad Co. v. Henning, 52 Texas, 474.

No briefs on file for appellee.

FISHER, Chief Justice.—This is a suit by appellee Boxley against appellant W. M. Cleghon and L. J. Parker, to recover on two promissory notes executed by Parker in favor of Boxley, the payment of which was assumed by Cleghon, and to foreclose a mortgage executed by Parker on certain cattle to secure the payment of the notes. Plaintiff also sued out a writ of sequestration which was levied upon the cattle in question, which were replevied by the appellant Cleghon.

Judgment of the court below was rendered in appellee's favor against appellants Cleghon and Parker for the amount of the note sued for and the foreclosure of the mortgage lien on the cattle in question; also judgment against Cleghon and the sureties on his replevy bond.

As there is no assignment of errors based upon the facts, it is unnecessary to make any special finding upon that question, except a general statement that the evidence is sufficient to support the judgment of the trial court as affirmed by this court.

Appellants' first and second assignments of error complain of the action of the trial court in overruling defendant Cleghon's motion to quash the writ of sequestration and the affidavit upon which it is based. It is unnecessary to consider the ground urged under the first assignment, as we sustain the ground presented by the second assignment. Appellee's original petition, which was sworn to, was the basis for the writ of sequestration. We have examined the averments of the petition, and we do not find any allegation of value as required by the statute to be stated in the affidavit of the plaintiff in suing out the writ. This provision of the statute was construed in Morgan v. Turner, 4 Texas Civ. App., 192, 23 S. W., 284, and it was there held that the affidavit should state the value of the property sought to be sequestered, otherwise the sequestration proceedings should be quashed. Following this decision the conclusion must be reached that the trial court erred in not quashing and dismissing the sequestration proceedings, and that so much of the judgment of the trial court based thereon was erroneous.

Appellants' third assignment of error complains of the action of the trial court in overruling their application for continuance. As a basis for this application the appellants claimed that they were surprised by appellees filing an amended petition a few minutes prior to the trial of the case. The original petition merely stated a cause of action against Parker on the notes in question, and sought only to foreclose the mortgage lien against appellant Cleghon. The amended petition enlarged Cleghon's liability by an averment to the effect that the payment of the notes executed by Parker was assumed by Cleghon, who claimed to have bought from Parker the cattle in question, and upon which the appellee had his mortgage to secure the payment of the notes. Appellant Cleghon claimed that this enlarged cause of action against him, seeking to make him liable on the notes, set up a new cause of action. This may all be true, but we do not believe that the application for continuance states any reason that would entitle appellants to have the case continued. It merely states that appellant

Cleghon was surprised. There is no showing made that he did not have time to present his defense, if he had any, or that the evidence of that fact was not accessible and could not at that time have been produced. Nor is it made to appear that he would have suffered any injustice, or been deprived of any right by being at that time forced to trial.

So much of the judgment of the trial court against Cleghon and Parker for the amount sued for, with a foreclosure of the mortgage lien on the cattle in question, is affirmed. So much of the judgment as is based upon the sequestration proceeding against Cleghon and the sureties on the replevin bond, is set aside and judgment here rendered to the effect that plaintiff take nothing against them based upon the sequestration proceeding.

*Affirmed in part and reversed and rendered in part.*