BIG VALLEY IRR. CO. v. HUGHES.

(Court of Civil Appeals of Texas. El Paso. April 18, 1912.)

1. EVIDENCE (§ 506*)—CONTRACT OF HIRE—BREACH—EXPERT TESTIMONY.

Where, in an action for the breach of a contract to hire a car load of mules for use in building canals and freighting, the issue whether the mules were suitable for this work was a proper matter for expert evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2310; Dec. Dig. § 506.*]

2. APPEAL AND ERROR (§ 722*)—ASSIGNMENTS OF ERROR.

Unsigned assignments of error, complaining of the refusal of special charges, will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

3. APPEAL AND ERROR (§ 616*)—ASSIGNMENTS OF ERROR.

Assignments of error to the refusal of special instructions, having no file marks and not shown to have been submitted to or acted upon by the trial court, will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2714–2718; Dec. Dig. § 616.*]

4. PRINCIPAL AND AGENT (§ 23*)—CONTRACTS—EVIDENCE.

Evidence that one represented another as his agent in negotiations leading up to a contract, and also after the contract, will sustain a finding that the agency existed at the time of the execution of the contract.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. § 23.*]

5. ANIMALS (§ 27*)—BREACH OF CONTRACT OF HIRING—DAMAGES.

The measure of damages for breach of a contract to hire a car load of mules for a certain time, during which they were to be fed by the hirer, included, in addition to the agreed rental, the cost of the feed of the mules.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 79–96; Dec. Dig. § 27.*]

Appeal from District Court, Ward County; S. J. Isaacs, Judge.

Action by W. R. Hughes against the Big Valley Irrigation Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

W. W. Hubbard, of Pecos, J. E. Starley, of Barstow, and R. V. Bowden, of El Paso, for appellant. J. K. Little, of Kermit, A. A. Hughes, of Wichita Falls, Hefner & Hudson, of Pecos, and A. J. Wilson, of Barstow, for appellee.

HIGGINS, J. Action for damages by Hughes against appellant for the alleged

breach of a contract between the parties whereby appellant agreed to hire a car load of mules from Hughes, for which it was to pay the sum of 75 cents per day for each mule. By way of cross-action, the appellant pleaded a breach upon the part of appellee of said contract, and that it had been obliged to hire other mules at a much greater cost than Hughes had contracted to furnish the same, to its damage in the sum of $10,000; that under the Hughes contract he was to furnish mules at 75 cents per day, and it had been obliged to pay more than $1.40 per day for the mules it had procured from other sources. To this cross-action appellee interposed a special exception, upon the ground that it was vague, indefinite, and uncertain in its allegation of damage, and furnished no basis for their assessment, and failed to apprise appellee of the damages claimed. We have examined the cross-action as it appears in the record, and are of the opinion that it is not subject to the objection urged against it.

[1] The mules which appellee contracted to furnish the appellant were to be used in building irrigation canals and freighting, and the contract had been entered into upon representations that the mules to be furnished by Hughes were adapted to and suitable for the work for which they were desired, and it was a material issue in the case whether or not the mules were suitable for this character of work. J. P. Goodwin, after having stated that he had had many years' experience in such work, and having otherwise shown his qualification to give his opinion as to the capacity of the mules to do the work for which they were desired, was asked whether or not the Hughes mules were suitable for the work for which they were desired, and, upon objection of appellee that the same called for a conclusion, the court refused to permit .the witness to testify. If permitted to answer, he would have testified that the mules were not suitable for such work.

A witness, testifying as an expert, may give his opinion upon the very issue in the case. Scalf v. Collin County, 80 Tex. 514, 16 S. W. 314. Expert testimony is admitted upon the theory that witnesses are supposed, from their experience or study, to have peculiar knowledge upon the subject of inquiry, which jurors generally have not, and are thus supposed to be more capable of correctly drawing conclusions from facts and of basing opinions thereon than jurors generally are presumed to be. One who is experienced in a certain line of work, and who knows the kind and character of animals required to properly do such work, is much better qualified to determine whether certain animals are capable of doing such work properly than the ordinary jury, with no testimony before · it except testimony showing the character of work to be done and the kind of animals

which it is contended are capable of doing the work. It was a matter peculiarly within the knowledge of persons experienced in doing canal work with mules. We therefore hold that the court erred in excluding this testimony. Railway Co. v. Howell, 126 S.. W. 899; Railway Co. v. Bohan, 47 S. W.. 1050.

The third .assignment of error, complaining of the exclusion of certain testimony of the witness Jamison, is overruled. The testimony of an expert, if properly admissible, could not be developed in the manner in which the testimony of this witness was sought to be elicited by the question shown in the bill.

In the first paragraph of his charge the court briefly stated the pleadings, and by the fourth assignment it is contended that the statement of the contract sued upon, as made by the court, was incorrect. As the cause is reversed for other reasons, the error, if any, complained of, should not arise upon a new trial.

The objections to the charge urged in the fifth and sixth assignments are not well taken, when the charge as a whole is considered.

[2] The seventh and eighth assignments complain of the refusal of special charges requested by appellant, Nos. 10, 12, and 14. The charges referred to appear in the record as unsigned, and for that reason the assignments must be overruled. Smith v.. Fordyce (Sup.) 18 S. W. 663; Railway Co.. v. Mitchell, 26 S. W. 154.

[3] They must be overruled for the further reason that the tenth and twelfth show no file marks, and there is nothing whatever to show that any of them were submitted to or acted upon by the court, as his refusal to give the charges is not indorsed thereon,. nor otherwise shown by the record.

[4] The court erred in instructing the jury not to consider Houston as the agent of Hughes. Houston seems to have represented Hughes in the negotiations leading up to the execution of the contract, and to have thereafter represented him. Certainly the jury, under the testimony, would have been warranted in finding that such agency existed.

[5] The court did not err in its charge upon the measure of damages, in instructing the jury, in the event they found for the plaintiff, to allow him compensation for the feed of his mules during the time covered by the contract, because under the contract between the parties the feed of the mules. was to be furnished by the appellant in addition to the per diem. rental of 75 cents.

The eleventh assignment is overruled, because the requested charge was not signed, no file mark is shown, and no action of the court thereon.

The twelfth assignment, complaining that.

the verdict is unsupported by the evidence, is overruled.

For the errors pointed out, the cause is reversed and remanded.

McKENZIE, J., not sitting.