**TEXAS EMPLOYERS' INS. ASS'N v. HANEY et al.**

**No. 8416.**

Court of Civil Appeals of Texas. San Antonio.

April 30, 1930.

Rehearing Denied June 11, 1930.

Eskridge & Groce, of San Antonio, for appellant.

E. B. Ward, of Corpus Christi, and Howell Ward, of Houston, for appellees.

FLY, O. J.

This suit was instituted by the Royal Indemnity Company against Texas Employers' Insurance Association, J. S. Haney, and E. B. Ward, to set aside an award of over $500 made in favor of Haney as against the Royal Indemnity Company and appellant by the Industrial Accident Board. Haney and Ward answered setting up a claim for damages and an attorney's fee for Ward, and asked for a judgment against both the insurance companies. The court held that judgment should be rendered in favor of Haney as against the Texas Employers' Insurance Association, but not as against the Royal Indemnity Company, and that Haney should recover from appellant, Texas Employers' Insurance Association, the sum of $4,304.35, together with interest and costs. Judgment was rendered that E. B. Ward be allowed, as an attorney's fee, one-third of the sum recovered by said Haney, amounting to $1,439.88.

The court found that Haney was employed by Heldenfels Bros. on October 27, 1927, which firm were subscribers under the Employers' Liability Law (Rev. St. 1925, arts. 8306–8309), and were such subscribers as long as Haney was in their employment; that while working for them within the scope of his employment Haney sustained a serious and permanent injury to his left knee, on or about October 27, 1927, in Rockport, Aransas county, and that it was afterwards injured again, while he was engaged in the course of his employment with said Heldenfels, and the original injury was thereby intensified. When Haney was injured in October, 1927, he notified his employers, but no one else. Haney did not ascertain the extent of his injury until he was examined by two physicians at the request of appellant, and then at the request of said appellant, Texas Employers' Insurance Association, filed his claim with the Industrial Accident Board, and notice of his injuries was given by his employers as required by law. The injury was such as to totally and permanently incapacitate Haney for labor. Haney made no claim against Royal Indemnity Company, which was brought in before the Accident Board by appellant. The court found that, within six months from the time Haney ascertained the extent of his injuries, he filed his claim against his employers and appellant before the Industrial Accident Board, and an award was made against both insurance companies.

The pleadings are quite voluminous, in this case, covering sixty-two pages of the transcript. The case went to trial on the first amended original petition and second and third supplemental petitions of the Royal Indemnity Company, and the first amended answer of appellant. Haney filed "Defendant's original answer and cross-action," first amended original answer and cross-action, first supplemental first amended original answer and cross-action, "Defendants J. S. Haney and E. B. Ward's Second Amended Original Answer," and "Defendant Haney's 1st Supplemental 2nd Amended Original Answer." In the original answer and cross-action it was alleged that Haney sustained an injury to his right knee "which aggravated an injury which he had suffered while in the employ of Heldenfels Bros. in Rockport, Aransas County, Texas, and in consequence of his said injury he has been made totally and permanently disabled, that is, by reason thereof he was so injured that in consequence thereof he had been totally and permanently incapable of following his occupation or to work." The allegation as to total and permanent disability was excepted to by appellant on its generality, and Haney then filed a supplemental answer and cross-action, and on the same day filed a supplemental answer and cross-action. The court sustained exceptions to Haney's pleadings, and on the day of the trial he filed his "1st Supplemental and 2nd Amended Original petition," on which the case went to trial, over the protest of appellant, who sought a continuance on the ground of surprise. Under agreement the motion was oral, but was afterwards written and filed. The reasons given for the request for a continuance are as follows: "Said Texas Employers' Insurance Association and Royalty Indemnity Company move for a continuance of this cause on grounds of surprise, and say that they are not prepared to meet the allegations of said new pleadings, which, as set out above, show entirely new cause of action against them, and set up new facts which at this time the said Texas Employers' Insurance Association and Royal Indemnity Company are not prepared to meet with proof, but that such proof can be obtained at a later date." The motion for continuance was overruled, and appellant excepted to the order.

■ The last pleading of Haney, which he names "1st Supplemental 2nd Amended Original Answer and Cross-action," was not excepted to by appellant, but an application for continuance was at once made on the ground of surprise. The application was overruled,

The application for continuance was the first presented by appellant, and must be considered in that light. Although given ample time in which to prepare the application for a continuance, it fails to point out the allegations which set up a new cause of action or any new facts that appellant would be called upon to meet with proof, and there is no allegation showing a meritorious defense to the allegations. It was merely stated that the pleadings "set up new facts which at this time the said Texas Employers' Insurance Association and Royal Indemnity Company are not prepared to meet with proof, but that such proof can be obtained at a later date." The application is so indefinite as to render it unavailable under the statute. No indication is given of the absence of any material witness, and the name of no witness is given. The trial disclosed that appellant had witnesses present who testified on the trial that Haney was not totally disabled, and appellant did not object to any testimony offered by Haney as to his physical condition. There is nothing to indicate that appellant did not secure all the testimony that he could have obtained had the continuance been granted. There is nothing to indicate that any other witnesses could have been obtained. Appellant knew that total and permanent disability was claimed, and the evidence tended to show that it was prepared for the issue. Cunningham v. State, 74 Tex. 511, 12 S. W. 217; Lamb v. B. T. H. Co., 2 Tex. Civ. App. 289, 21 S. W. 713; Cleghon v. Boxley, 58 Tex. Civ. App. 161, 123 S. W. 438; Western U. Tel. Co. v. Robertson, 63 Tex. Civ. App. 239, 133 S. W. 454; St. Louis Southwestern Railway v. McDermitt (Tex. Civ. App.) 175 S. W. 509; El Paso & S. W. Railway v. Ankenbauer (Tex. Civ. App.) 175 S. W. 1090. The last pleading by Haney was fully as general as the other pleadings, and yet testimony as to total disability was presented and heard without objection on the part of appellant. It did not specially set forth the effects on the heart and other portions of the body, and yet testimony was admitted without objection, and rebutting testimony was introduced by appellant. The court did not err in overruling the application for continuance.

■ The second proposition is without merit and is overruled. The trial in the district court in cases like the present one is de novo, and the district court does not as on appeal pass upon the form or substance of the award. Rev. Stats. art. 8307, § 5; Texas Employers' Insurance Association v. J. L. Bradshaw by this Court, 27 S.W.(2d) 314.

■ The third proposition is overruled. The pleading of Haney sufficiently alleges notice. The special exception was properly overruled. The pleading had informed appellant that the notices required had been given, and appellant knew what it had to meet in its proof. The matter of notice was amplified in the last pleading filed by Haney. Appellant appeared before the Accident Board and placed its defense before said board and made no complaint of notice, either by suit or otherwise, so far as shown by the record. It did not join the Royal Indemnity Company as a plaintiff in this cause, but only came in as a party when compelled by a complaint of the plaintiff. It is not in a position to complain of the notice.

The fourth proposition is overruled. The court did sustain exceptions to pleadings of Haney as to his injuries and compelled him to plead the matter set out in the first proposition in regard to which appellant sustained its surprise. Appellant states in his proposition that the court did not sustain the exceptions, but afterwards stated that the court did sustain the exceptions but permitted Haney to amend. The record does not disclose that any exceptions were urged by appellant to the pleading of Haney which caused such surprise to appellant that a continuance was sought by it. There is nothing in the record to show that the court received or passed on any exceptions directed at the plea that caused the surprise. As hereinbefore stated, the last pleading filed by Haney did not add any material matter to the pleadings to which exceptions were sustained, but the allegations were not excepted to, but were treated as stating a new cause of action and thereby creating the right to a continuance. In a summary of the proceedings of the court, found in the record, it appears that the first and only action after leave to amend was given, on September 26, 1929, by appellant was to seek a continuance.

We overrule the fifth and sixth propositions. There was testimony of total and permanent disability and of notice being given of the accident and injury. At least two doctors swore that Haney was totally and permanently incapacitated for labor, and the court was authorized to credit their testimony rather than the others, one of whom swore in effect that Haney had not been hurt at all, but was malingering. No one else intimated that he had not been injured. All the other doctors swore that he was injured in the knee. Heldenfels, the employer of Haney, sent notices at once of the accident to the Industrial Accident Board and appellant. He swore that he sent notices to each one of them, and heard from appellant about the matter. They sent a compensation check, but Haney did not think it was enough and refused to take it. Heldenfels was paying Haney $100 per month. Heldenfels asked the appellant, in December, 1928, to furnish medical aid for Haney. He was again injured in December, 1928, while working for Heldenfels. Appellant had been asked to furnish medical service for Haney, but failed and refused to furnish such aid, and yet appellant proved that an operation might have relieved

Haney, and rather blames him for not having it performed. We are not prepared to draw the exceedingly technical and delicate distinction sought by appellant of notice of the "accident and notice of the injury." Appellant knew that there was both an "accident" and an "injury" and sought to pay Haney a miserable pittance.

The seventh proposition is without merit and is overruled. The pleadings and evidence were sufficient to justify the court in the findings as to notice which was sufficient under the circumstances to meet the demands of the law. It would doubtless redound to the benefit of insurance companies if more equity was extended and less technicality insisted upon. It would promote a better spirit if insurance companies did not so often seek to avoid their contracts, on matters "of the letter but not of the spirit; for the letter killeth, but the spirit giveth life."

The eighth proposition is overruled. The court found the facts material to the issues and justified by the facts. Appellant argues strenuously against any advantage being taken of him because of his failure to suggest other findings of fact, but that failure has not been considered in overruling the proposition.

It will be presumed that the agreement was made as to the discount rate, or it would not have been embodied in the findings of fact. Appellant assails the action of the court in its finding as to the agreement, but cites authorities bearing on the discount not raised by him in his proposition. Appellant must stand on its proposition. The finding of the court is assailed by affidavits filed in vacation after the appeal had been perfected, in other words, after the jurisdiction of this court had attached. The rules cited refer to agreements made by and between attorneys and not those made to a judge in open court. The attack on the findings of the judge cannot be made for the first time in this court. It would be an anomaly in practice.

The judgment will be affirmed.