## TEXAS INDEMNITY INS. CO. v. BRIDGES.

### No. 984.

Court of Civil Appeals of Texas. Eastland.

June 17, 1932.

Rehearing Denied Sept. 30, 1932.

Don Emery, of Amarillo, and T. L. Dyer, of Breckenridge, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

LESLIE, J.

B. T. Bridges, plaintiff in the trial court, appellee here, claiming compensation under the Workmen's Compensation Act of Texas (Rev. St. 1925, art. 8306 et seq., as amended), filed this suit against Texas Indemnity Insurance Company, appellant here, as insurer of Phillips Petroleum Company, appellee's employer. The allegations of the petition are those usual in such cases, seeking compensation for actual permanent total incapacity. At least two such grounds are set up.

The defendant answered by general and special exceptions, general denial, pleaded total recovery, and joined appellee in seeking to set aside the award of the Industrial Accident Board. The case was tried before the court and jury. On jurors' answers to special issues, the board's award was set aside and judgment rendered against defendant for compensation accrued, plus the lump sum value for 363 weeks compensation

at the rate of $19.38 per week, etc. The insurance company appeals. Further statements from the record will be made as the opinion proceeds.

Except in the particulars challenged and hereafter to be noticed, the appellant concedes that the appellee, Bridges, received an injury while an employee of Phillips Petroleum Company; that it was sustained in the course of employment, and resulted in permanent total disability.

This appeal is predicated upon seven propositions of law, supported by proper assignments. Propositions 3 and 4 have been abandoned. The others will be disposed of seriatim.

Propositions 1 and 2 are similar in nature and will be considered together. The first is: "When in the administration of the law in any given controversy, the scope of the trial court's inquiry is either limited or enlarged by a written instrument and especially where litigant's rights are predicated thereon, a plaintiff referring to such instrument in his petition should be required when said petition is properly challenged by appropriate exception, to attach to his petition any such instrument, and the court in this case should, therefore, have sustained the special exception of the defendant challenging the omission of the plaintiff in his first amended original petition to set forth in haec verba, or attach as a copy thereto, the plaintiff's claim for compensation as made and filed before the Industrial Accident Board."

The second proposition is: "Where the jurisdiction of a court in the administration of the law is a special jurisdiction, and this special jurisdiction does not attach with respect to administering the rights of involved litigants until a precedent act of another governmental agency has been performed in the manner required by law, and the only evidence extant of the precedent act of said governmental agency is written evidence, the plaintiff in pleading his case, when his petition is appropriately challenged by special exception, must be required by the court to set forth in his petition in haec verba or attach as a copy thereof, the written evidence of the precedent act, and the plaintiff in this case having failed to plead as above indicated with respect to the final award of the Industrial Accident Board, he should have been required when such omission was properly challenged to set forth in his petition in haec verba or attach as an exhibit thereto a copy of the final award of the Industrial Accident Board."

The plaintiff's first amended original petition contained an allegation that "within six months after said date plaintiff made written claim to the defendant and to the Industrial Accident Board of the State of Texas for compensation for said permanent total incapacity to labor."

In advancing said propositions the appellant concedes that the appellee may, under appropriate conditions, file an amended claim before the board, and it does not contend that the plaintiff cannot, in the district court, go into a more detailed inquiry with reference to his general injuries than the manner in which they were described in his claim for compensation before the board. In considering these points it must be borne in mind that the pleadings and proceedings before the board are simple and summary. American Employers' Ins. Co. v. Scott (Tex. Civ. App.) 33 S.W.(2d) 845; Texas Employers' Ins. Ass'n v. Haney (Tex. Civ. App.) 28 S.W.(2d) 850; Millers' Indemnity Underwriters v. Hughes (Tex. Civ. App.) 256 S. W. 334; Fidelity Union Casualty Co. v. Cary (Tex. Com. App.) 25 S.W.(2d) 302; Texas Employers' Ins. Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752.

On appeal the trial in the district court is de novo. Were it not necessary that the special jurisdiction of the trial court be shown as a condition precedent to such trial, there would be no purpose in alleging the special jurisdictional facts, but these requirements do not contemplate that a party plead his testimony in this character of case any more than in other classes of litigation. It is elementary that testimony need not be pleaded, and to require the plaintiff in this case to set forth in hæc verba or by copy the claim to the board and the award of the board, would be requiring such thing to be done. They appear in the transcript of the proceedings before the board, which is necessarily filed with the record in the trial court, but they do not go before the court or jury as evidence upon the issues being tried, other than to show the special jurisdiction of the court.

In seeking to have the court sustain its said special exceptions it is contended: "This appellant had the right by special exception to ask this court to determine the scope of his inquiry with respect to the claim for compensation before the trial of the case started." This contention is not valid because it assumes that the scope of inquiry is limited to the claim for compensation made before the Industrial Accident Board. That the assumption is incorrect may be seen from the following authorities: Standard Accident Ins. Co. v. Williams (Tex. Com. App.) 14 S.W.(2d) 1015; Texas Employers' Ins. Ass'n v. Knouff (Tex. Civ. App.) 271 S. W. 633; Texas Indemnity Ins. Co. v. White (Tex. Civ. App.) 37 S.W.(2d) 277; Employers' Casualty Co. v. Scheffler (Tex. Civ. App.) 20 S.W.(2d) 833; Texas Employers' Ins. Ass'n v. Adcock (Tex. Civ. App.) 27 S.W. (2d) 363; Ætna Life Ins. Co. v. Bulgier (Tex.

Civ. App.) 19 S.W.(2d) 821; Texas Employers' Ins. Co. v. Varner (Tex. Civ. App.) 20 S.W.(2d) 334.

Further, it is contended by the appellant that the allegation that the board made a "final award" is but the pleader's conclusion, hence the necessity of setting out the instrument or order in hæc verba. We have examined the pleadings and think they clearly and sufficiently allege the pleader's jurisdictional facts as such, and there was no necessity that the evidence of these facts be set out hæc verba in the pleadings.

■ In any event the defendant did not except on the ground that the allegations as to the award having been made constituted a conclusion. In the appellant's brief we find this statement: "With respect to the case at bar, counsel willingly concedes that the award, after it was introduced in evidence, was in fact a final award." No contention is made that the appellant was in any wise surprised or harmed by the introduction in evidence before the court of such claim and the court's final ruling and decision thereon. Therefore, and at most, the special exception was but calling for a more particular statement of a matter already pleaded. If it could be imagined that an error had been committed under such circumstances, it would certainly be harmless. Southern Surety Co. v. Weaver (Tex. Civ. App.) 260 S. W. 622–624; McDaniel v. Turner (Tex. Civ. App.) 269 S. W. 496; Southwestern T. & T. Co. v. Andrews (Tex. Civ. App.) 178 S. W. 574; 3 Tex. Jur. § 878.

Propositions 1 and 2 are overruled. The appellant's fifth proposition is as follows: "Where, in a compensation case, the plaintiff seeks to have adjudicated his 'status' of 'permanent total incapacity' as the result of both a general injury and a special injury (a specific injury for which specific compensation is provided) it is necessary that the plaintiff prove the requisite notice of both the special and general injury and if the issue is controverted by competent testimony, such issue upon appropriate request should be submitted to the jury, and the court in this case upon appropriate and timely request, by reason of the controversy as to such facts, should have submitted a special issue to the jury covering this controversy."

The basis of this proposition is the trial court's refusal to submit to the jury appellant's special requested issue No. 5, namely: "Do you find from a preponderance of the evidence that plaintiff B. T. Bridges gave notice to J. F. Steed of injuries he received on the 5th day of November, 1930, if any, while working in the gasoline plant of Phillips Petroleum Company, other than the injury to his foot?"

The appellee, Bridges, in his first amended original petition, after alleging his injuries,

their nature, and general effect, alleged that both the plaintiff's employer and this appellant had notice of the same within 30 days from the happening thereof. The defendant denied this. There is no dispute in the testimony with reference to notice of appellee's foot injuries. Appellant's particular contention is that, under the conflicting testimony as to whether proper notice was given with respect to injuries other than the foot, it was entitled to have this issue properly submitted to the jury.

With reference to notice of injury, the testimony is, in substance, the accident and injury occurred November 5, 1930. Thereafter, and within 30 days, Bridges filed with proper parties and the Industrial Accident Board notice of injuries. The notice, among other things, stated: "This is to notify you, Phillips Petroleum Company, that on the 5th day of November, 1930, I sustained personal injury while in the employ of Phillips Petroleum Company." Further on in the notice is given the additional information: "The injury was caused to me by reason of backfire of engine which caused spotting bar of engine to catch right foot, breaking several bones."

On the same day, November 29th, the injured employee filed claim for compensation with the Industrial Accident Board, containing, in substance, practically the same information as that contained in the foregoing notice.

On February 3, 1931 (injury occurring November 5, 1930), the injured employee filed another or amended claim for compensation for said injury with the Industrial Accident Board. It certified: "This is to notify you, Texas Indemnity Insurance Company, that I claim compensation from you under the Employers' Liability Act for personal injuries sustained while in the employ of the Phillips Petroleum Company near Ranger." It specifically stated the nature of the injuries to be to the "back and foot and leg," and that the same were caused by lifting on engine which backfired, hurling him backward against the block.

The employee's claim for compensation for the injuries was presented by a formal petition filed with the Industrial Accident Board, and said petition set forth in a most comprehensive manner all the facts and circumstances of the accident, together with all the injuries at any time claimed by the employee to have resulted from the accident. On appeal the pleadings in the district court were even more definite and extensive. There is no question but that all the injuries sustained by the appellee resulted from a single accident. The principal injuries affected the foot and back, but there is testimony of injuries to the head, etc. The appellant complains that it had no notice of the back injuries within the 30 days.

## 1078

■ Upon this record and under these circumstances, it is the appellant's contention that, if an injured employee in the course of his employment has an accident causing an injury to any specific member of his body, and also other injuries to his body, even though the employer had due notice of the accident and that the employee suffered injuries therefrom, the employee cannot make claim for compensation for disability resulting from any of the injuries except those of which the employer was specifically informed within the 30-day period, though all of the injuries were received in the same accident. In other words, as to any disability resulting from an injury received in an accident not specifically pointed out by the employee in reporting and filing notice of his injury, he is barred by limitation from asserting his claim for compensation therefor after the expiration of 30 days from the happening of the accident.

We do not sustain this contention. We think the notice as given sufficiently comprehensive to give to the Industrial Accident Board, and thereafter the proper courts, jurisdiction to hear and determine the appellee's claim and to award compensation commensurate with all the injuries growing out of the accident. The statute merely requires that "notice of the injury" be given the association or subscriber within 30 days after the happening thereof. It does not specify that the injury must be described in detail and with formality. In Texas Employers' Insurance Ass'n v. Tabor (Tex. Civ. App.) 274 S. W. 309, 313, it is said: "Notice of the injury within 30 days and claim for compensation within 6 months, though informal, is sufficient."

To the same effect are: Texas Employers' Ins. Ass'n v. Bradshaw (Tex. Civ. App.) 27 S.W.(2d) 314; Texas Employers' Ins. Ass'n v. Wonderley (Tex. Civ. App.) 16 S.W.(2d) 386.

The statute itself provides that "process and procedure shall be as summary as may be under this law." Section 4, art. 8307, R. S. 1925. Hence, it is seen that the spirit of the law and the rules of procedure thereunder condemn the exactness insisted for by the appellant in this proposition. We are cited to no statute or rule which undertakes to prescribe just what this first notice shall contain, and we are of opinion and so hold that the notice of injury as particularly set forth was sufficient to invoke the jurisdiction and consideration of each and all the agencies prescribed by law for the purpose of investigating and determining the issues arising by reason of the accident and the injuries.

To sustain the contention of appellant in this proposition would put a strained construction upon the Workmen's Compensation Act in respect to the nature and extent of the original notice of injury. The spirit of the decisions is against the adoption of such rule, and in principle, at least, we think such a rule has already been condemned. Texas Employers' Ins. Ass'n v. Tabor (Tex. Civ. App.) 274 S. W. 309, 312; Stowell v. Texas Emp. Ins. Ass'n (Tex. Civ. App.) 259 S. W. 311; Texas Emp. Ins. Ass'n v. Soto (Tex. Civ. App.) 294 S. W. 639; Texas Emp. Ins. Ass'n v. Adcock (Tex. Civ. App.) 27 S.W.(2d) 363, 370; Texas Emp. Ins. Ass'n v. Fricker (Tex. Civ. App.) 16 S.W.(2d) 390-395; Ætna Life Ins. Co. v. Rodriguez (Tex. Civ. App.) 255 S. W. 446.

In the Adcock Case it is said: "Appellee, in filing his suit in the district court, was not limited to the statement of the nature of his injury, as presented to the board, but had the right in said suit to enlarge thereupon by alleging specifically and minutely and in detail all of the effects produced by the injury received. In this way he was only seeking to recover to the full extent of the injury in fact received by him, and in this was within his rights under the law, it not being incumbent upon him in his claim for compensation before the board to specifically designate each part of his anatomy impaired and the extent thereof."

In reason, this principle should also have application when the sufficiency of the notice of injury is under consideration. Any notice at all is of importance only in invoking the jurisdiction of the board and courts. Certainly the notice in the instant case had that effect, since it gave notice of a compensable injury.

Proposition 5 is overruled.

■ The appellant's sixth proposition complains that the court erred in refusing to submit to the jury its special requested issue No. 2, which inquired whether or not Bridges received an injury to any part of his back on the occasion of the accident. There was no error in this respect. Under this record it would have been merely a finding on an evidentiary matter, sufficiently covered by general issue No. 5, submitted by the court, and in answer to which the jury found from a preponderance of the evidence that Bridges' disability to perform the ordinary tasks of a workman was the result of injuries received by him on the occasion, other than the injury to the right foot. It may be issue No. 5 was too general and should have been confined to the specific allegations of injury supported by testimony, but the appellant made no objection to the form or manner in which it was presented to the jury, and since it covered all the grounds calling for such an issue, including that embraced in the special requested issue No. 2, we think the appellant necessarily bound by issue 5 and the answer thereto. In such situation issue 5 was the submission of an ultimate issue, whereas the rejected special issue was a request for the submission of an evidentiary matter. It was

the appellee's theory that his injuries in different respects and degrees (not necessarily limited to the back, technically speaking), brought about the total permanent incapacity contended for.

For these reasons proposition 6 is overruled.

Appellant's seventh proposition is as follows: "Where in this case the plaintiff introduced testimony by medical experts tending to prove that the 'status' of the 'total permanent incapacity' was the result of both an injury to his foot and an injury to his back, and the jury in answer to one special issue finds that his 'total permanent incapacity' results alone from his back injury, and in answer to another issue finds that his 'total permanent incapacity' resulted alone from the injury to his foot, such findings are necessarily inconsistent and both must fall, thus rendering the court powerless in this case to render a judgment in the absence of such necessary findings which have fallen by reason of their inconsistency."

 We do not believe this proposition is supported by the record, regardless of how correct the same may be as an abstract proposition of law. The proposition seems to evidence a misconception of the theories upon which the plaintiff sought recovery. In this case the jury, in its response to issues 5 and 7, has determined that Bridges' actual permanent total incapacity resulted from more than one injury: namely, (1) the injuries to the right foot, together with their effect as injuries upon his body other than his right leg (issue 7), and (2) other injuries to his body, disregarding foot injuries and its said effects (issue 5.) In other words, by the two issues and the jury's answers respective thereto, it is ascertained that the injured employee's condition was caused by the two injuries taken together, and that either alone produced the results. We are of opinion that said issues and their respective answers are not conflicting in effect and mutually destructive of each other. Under the submission and the findings, the incapacity is simply traced to two independent causes or injuries. Together they furnish a basis for judgment. Considered separately and apart, each furnishes an all sufficient basis for the same. By analogy and in principle and in effect they are equivalent to the findings in an ordinary negligence case in which a railroad is doubly convicted of negligence for injury at a public crossing when an approach is made thereto without proper lookout or warning, etc., and each is found to be a proximate cause of the injury. This, we think, illustrates the theory upon which this case was pleaded, developed, and submitted to the jury. If there be apparent conflict in the issues and their answers, this court would be called on to consider the same in the light of the following rule: "All the issues must

be considered together as a whole. If, when construed as a whole, they admit of more than one reasonable construction, the trial court has power to apply that reasonable construction which he deems proper." First Nat. Bank v. Rush (Tex. Com. App.) 246 S. W. 349, 353; Elder, Dempster & Co. v. Weld-Neville Cotton Co. (Tex. Com. App.) 231 S. W. 102. Also the further rule stated in Graham v. Hines (Tex. Civ. App.) 240 S. W. 1015: "It is the court's duty to reconcile apparent conflicts in the answers on special issues if it can be reasonably done in the light of the pleadings and the evidence." For the same effect see Texas & N. O. R. Co. v. Wagner (Tex. Civ. App.) 224 S. W. 377; St. Louis, S. F. & T. R. Co. v. Wilson (Tex. Civ. App.) 262 S. W. 1075; Texas Cent. R. Co. v. Bender, 32 Tex. Civ. App. 568, 75 S. W. 561.

From a consideration of the proposition before us, in the light of these rules, applied to the pleadings and the testimony, it is at once apparent that there is no inconsistency in the findings resulting from the submission of said issues, and the jury's answers to them.

The seventh proposition is overruled.

The appellant's eighth proposition is: "In this case where an affirmative answer to all the issues submitted by the court are favorable to the plaintiff, and where a charge upon the burden of proof may be given without apprising the jury concerning the relation of the issues to the liability of the defendant to an extent that the jury cannot reasonably discern, the omission to make such a charge should be corrected by the court and given when the attention of the court is challenged to such an omission by timely and appropriate objection and exception."

 The meaning of this proposition is not quite clear. Under it the statement from the record embraces each issue submitted to the jury and its answers to the same. Excepting the ninth, or last, they each begin with the language: "Do you find from a preponderance of the evidence," etc., and then the fact to be found. The ninth is: "What do you find from a preponderance of the evidence was the total amount of money in dollars and cents received by Bridges from the Phillips Petroleum Company for the twelve months preceding November 5th, 1930?" Appellant argues that a cursory reading of the special issues discloses that an affirmative answer to each issue arrives at a result favorable to the plaintiff. That ordinarily, when it comes time for the court to submit issues with respect to questions of liability, the court must frame the same so as not to disclose to the jury the result of their answers. It is then further stated: "This caution, however, is not necessary and would be in fact futile when a case is developed so that the issues that must necessarily be submitted do not convey to the jury,

from the manner of their submission, any information that they would not ordinarily know with respect to the relation of the jury's answers to the issues and the liability of the litigants. In this case, if the jury did not know that an affirmative answer to each issue would be favorable to the plaintiff, it was incompetent to sit as a jury in any court. Under the circumstances above indicated it was necessary for the court to charge the jury that the burden of proof was upon the plaintiff to prove the affirmative of the issues submitted."

This, we think, reflects the contention designed to be conveyed by the proposition. The point is too technical and finely drawn. The true rules as. to the form and manner of placing the burden of proof in special issue cases have often been announced, and a proper one employed by the trial court in this case. It may be there are other methods, but the one used in the instant case is certainly an approved one. Commercial Standard Ins. Co. v. Lee (Tex. Civ. App.) 37 S.W. (2d) 789; Vletas v. Stagner (Tex. Civ. App.) 45 S.W.(2d) 1009; Texas Emp. Ins. Ass'n v. Finney (Tex. Civ. App.) 45 S.W.(2d) 298; Law of Special Issues (Speer), p. 184, § 134.

This proposition is overruled.

The appellant's ninth proposition challenges the sufficiency of the testimony to support the answers of the jury to special issues 5 and 7. We think there is sufficient testimony to support the jury's verdict in response to each issue. This being so, the appellee's right to recover upon the theory evidenced by special issue No. 5 is obvious and his right of recovery upon the theory embraced in special issue No. 7 is equally warranted under-.the authority of Standard Accident Ins. Co. v. Williams (Tex. Com. App.) 14 S.W.(2d) 1015; Ætna Life Ins. Co. v. Bulgier (Tex. Civ. App.) 19 S.W.(2d) 821, and others not necessary to cite.

For the reasons assigned the judgment of the trial court is affirmed.