## TEXAS RURAL COMMUNITIES v. AVARY et ux.

### No. 4843.

Court of Civil Appeals of Texas. Amarillo.

Jan. 17, 1938.

Rehearing Denied Feb. 21, 1938.

Homer C. DeWolfe and William G. Yarborough, both of Austin, for appellant.

Mahan & Broughton, of Childress, for appellees.

FOLLEY, Justice.

On January 26, 1935, the appellee, S. N. Avary, joined by his wife, executed and delivered to the appellant, Texas Rural Communities, a corporation, a lease for the term of five years upon 120 acres of land out of the southwest quarter of section 738, in block H, of the W. & N. W. Ry. Co. survey in Childress county, Tex. The lease contract contained certain covenants and conditions to be kept and performed by the lessee, and provided that if default should be made in any of such covenants and conditions that the lessor, at his option, might terminate said lease, re-enter upon said premises, and remove all persons therefrom. The consideration for the lease was the sum of $2,690, which was paid, and the further consideration of the lessee keeping and performing the covenants and conditions of the lease. Out of the $2,690 received by the appellee, the appellee was obligated to erect certain improvements upon the property for the use of the lessee. The appellant went into immediate possession of the premises through its sublessees, who were rural rehabilitation tenants. On November 18, 1936, the appellee notified the appellant and its sublessees that he had exercised his option to terminate the lease and demanded possession of the premises.

On December 12, 1936, the appellee filed a formal action in trespass to try title against the appellant and its sublessees. The appellant filed a plea in abatement, pleading the lease contract and claiming possession under the terms of the lease. A formal answer and cross-action was later filed by the appellant which included a plea of not guilty. In reply to this answer and cross-action, the appellee alleged the failure of the appellant to comply with the terms of the lease and asserted his

right of forfeiture under the terms thereof.

The case was submitted to a jury upon special issues. The jury found: (1) That the appellant and its sublessees had failed to farm the land in question in a good workmanlike and farmerlike manner, according to approved practices; (2) that the appellant failed to keep the premises in as good condition as they were at the time of the execution of the lease; (3) that the appellant and its tenants committed waste of said premises; and (4) that the appellee was injured thereby. In response to these findings, the court rendered judgment for the appellee for the land and premises in question and for writ of possession, denying the appellant any relief on its cross-action. The Texas Rural Communities, without the joinder of its codefendants below, prosecutes this appeal to this court.

In its first assignment the appellant alleges that an action in trespass to try title was not the proper remedy for the appellee and attacks the authority of the trial court to render judgment under such a plea. The theory upon which the appellant bases such a contention is that the appellee had no possessory right to the land in question until the lease contract was canceled in a suit for such purpose. We agree with appellant's contention that before an action in trespass to try title will lie, that the claimant must have some possessory right in the premises. However, we think it is just as well established that an action in trespass will properly lie where a lease contract has terminated, either by expiration of time or by a breach by the lessee of the conditions and stipulations of the contract itself. The lease in question not only provided the conditions to be fulfilled by the lessee, but further provided that the failure to carry out such conditions would operate as a forfeiture of the lease and confer upon the lessor the right of re-entry of the premises. The lease contract contains the following provisions:

"The Lessor, for and in consideration of the sum of One Dollar ($1.00) lawful money of the United States of America, in hand paid by Lessee, the receipt whereof is hereby acknowledged and confessed; and in further consideration of the rent, promises covenants and agreements herein reserved and contained on the part of the Lessee to be paid, kept and performed.

"Lessee hereby covenants and agrees that it will * * *

"(b) Occupy and farm the demised premises during the whole of the term of this Lease in a good workmanlike and farmerlike manner, according to approved farming practices;

"(c) At its own cost and expense, keep all and singular the said demised premises and appurtenances in as good condition as the same are now, or may be put into, reasonable use and wear thereof and damage by the elements excepted;

"In consideration of the aforementioned rental payment and of these covenants, and the performance of these agreements herein contained, Lessor further agrees that Lessee shall and may at all times during the term of this lease peaceably and quietly have, hold and enjoy the said demised premises, with the appurtenances, without any manner of let, hindrance, suit, or interference of or from the Lessor or any other person or persons whomsoever.

"Provided always, that if default should be made in any of the covenants and agreements herein contained on the part of the Lessee to be kept and performed, then and from thenceforth, it shall be lawful for the Lessor, at his option, to terminate this Lease, to re-enter into and upon the said demised premises, and the whole thereof; and the same to have again, repossess, and enjoy as in his former state and to remove all persons therefrom.

"This agreement is intended to be, and shall be construed as a Five (5) year Lease. The rights of the Lessee shall continue in force and effect so long as the terms, provisions and conditions hereof are performed."

A condition subsequent is defined in 12 Tex.Jur. 126 as follows: "A condition subsequent is one which operates upon some estate already created and vested, and which, if not performed, may defeat it at the election of the grantor."

This rule has been announced in the following cases: Community of Priests of St. Basil v. Byrne et al., Tex.Com.App., 255 S.W. 601; Colvin v. Tomlinson et al., Tex.Civ.App., 293 S.W. 313; South Texas Telephone Co. et al. v. Huntington et al., 104 Tex. 350, 136 S.W. 1053, 138 S.W. 381; Daggett v. City of Ft. Worth et al., Tex.Civ.App., 177 S.W. 222; and Stevens et al. v. Galveston, H. & S. A. Ry. Co., Tex.Civ.App., 169 S.W. 644.

The jury found that the appellant and its sublessees had violated three distinct provisions of the lease contract, all of which, we think, were conditions subsequent in the lease, and for the breach of which the parties contracted a forfeiture. Although we recognize the rule that forfeitures are harsh and punitive in their operation and are not favored by the law, yet, where parties contract for a forfeiture, the defaulting party and not the law is responsible for any hardships that may result by reason of the failure to perform the conditions of the contract. We think the language of the lease contract in the instant case is clear and unmistakable. It is subject to no other reasonable construction than that given it by the trial court. Such being the case, we think an action in trespass to try title was a proper remedy and that the question of damages as far as the appellant is concerned is not an issue in the case. 41 Tex.Jur. 458; Walther et al. v. Anderson et al., 52 Tex.Civ.App. 360, 114 S.W. 414; Alford et ux. v. Alford, 1 Tex.Civ.App. 245, 21 S.W. 283; Thurber & Co. v. Conners, 57 Tex. 96; Brown v. McKinney et ux., Tex.Civ.App., 208 S.W. 565; Perry v. Smith et al., Tex.Com.App., 231 S.W. 340; Rosek v. Kotzur et ux., Tex.Civ.App., 267 S.W. 759; Hayes v. Texas & P. Ry. Co., 62 Tex. 397, and Lamb et al. v. Beaumont Temperance Hall Co., 2 Tex.Civ.App., 289, 21 S.W. 713.

Appellant complains of the introduction in evidence of a letter written by the appellee to the appellant of the date of July 3, 1936, contending that such letter contained self-serving declaration calculated to prejudice the jury. The letter in question was a notification from appellee to the appellant of the breach of the provisions of the lease and that the appellee was exercising his option to declare the lease at an end. In such letter the appellee stated that the tenants had planted the crops in rows across the terraces of the land and had otherwise damaged the land in question. Only portions of the letter were introduced in evidence before the jury and these portions contained only statements which had been testified to by many witnesses, including witnesses for the appellant, and, so far as the record reveals, such matters were not controverted or denied by any witness. Furthermore, before the introduction of the letter, the appellant, on cross-examination of the appellee, had inquired about the letter and had asked the appellee if he recalled having written the letter to the appellant telling what had been done. In view of all the circumstances in this case, we fail to see any harmful effect prejudicial to the appellant that could have been caused by the introduction of this letter. It is our opinion that since the statements in the letter were overwhelmingly supported by other testimony that its introduction, if error at all, was harmless.

By another assignment the appellant complains of the trial court's permitting certain witnesses to testify that the land in question had not been worked and cultivated in a good and workmanlike manner according to approved practices of farming in the community involved. Appellant contends that such evidence invaded the province of the jury. The witnesses who so testified, and about whose testimony the complaint is made, were J. C. Wyatt and R. L. Murry, both experienced farmers, and V. E. Hafner, county agent of Childress county, who was a graduate of Texas Agricultural & Mechanical College with seventeen years' experience in extension work. We think it is apparent from the record that these witnesses qualified themselves as expert witnesses in regard to the matters about which the appellant complains. That farmers may become expert witnesses in matters peculiarly within their knowledge, we think, is well settled. In an early case decided by this Court, Tandy v. Fowler, 150 S.W. 481, 482, in an opinion by the late Chief Justice Hall, is the following language: "The third assignment is that 'the court erred' in refusing to permit the witnesses Fore and Wentz to testify as to the effect pasturing agricultural lands, when wet, would have upon the productive quality of the land during the following seasons.' The rule is settled that a farmer is competent to testify as an expert in many matters, and they have been heard with reference to the probable damage to prospective crops by firing and grazing agricultural lands. Ferguson v. Hubbell, 26 Hun (N.Y.) 250; Farmers', etc., Bank v. Woodell, 38 Or. 294, 61 P. 837, 65 P. 520; 2 Elliott on Ev. § 1061; Lawson on Expert and Opinion Evidence, pp. 18, 20. The last-named authority announced the broad rule that the opinions of farmers concerning the value of land, crops, stock, or services and the damage done thereto are admissible, and insists that matters peculiarly within the knowledge of farmers,

and not such as may be classed as matters of common knowledge, should be heard from the mouths of witnesses competent to speak with reference thereto, because courts cannot assume that jurors were all farmers or that they were possessed of knowledge or experience upon the subject."

This same rule was announced in Bowman & Blatz v. Raley, Tex.Civ.App., 210 S.W. 723. Regardless of the fact that such testimony was admissible by reason of its being from expert witnesses, the appellant cannot rightfully complain of its introduction for the reason that the same testimony was introduced from two of its own witnesses, S. W. Weatheral and R. T. Spinks, without objection on the part of appellant. We overrule this assignment. Big Valley Irr. Co. v. Hughes, Tex.Civ.App., 146 S.W. 715; Galveston, H. & H. R. Co. v. Bohan, Tex.Civ.App., 47 S.W. 1050; Texas & P. Ry. Co. v. Stivers, Tex.Civ.App., 211 S.W. 319; Moore et al. v. Coleman et al., Tex.Civ.App., 195 S.W. 212.

▇ The next complaint of the appellant is in regard to the refusal of the court to give the following requested issue: "Do you find from the preponderance of the evidence that plaintiff, S. N. Avery, authorized defendant, John Rothwell, to plant the rows on a protion of the land cultivated by him across the terraces?"

If the court had given this charge and the jury had answered it in the affirmative, we cannot see how it would have warranted the court in rendering any other judgment than that which he did render. The requested issue was not an ultimate issue as it only related to "a portion of the land cultivated by him," and not to all the land covered by the lease contract. Furthermore, the planting of the crops in rows across the terraces was merely one of the elements embodied in the general issues submitted to determine if the appellant had breached the contract. The lease contract related to all the land and not to mere portions of it. The requested issue would not have affected the breach of the contract as it related to the land not included in the requested issue. We, therefore, conclude that the refusal of the requested issue was immaterial to the judgment rendered.

Since we are of the opinion that an action in trespass to try title was a proper remedy of the appellee in this case, the other assignments of error become immaterial.

Finding no reversible error in the record, the judgment of the trial court is affirmed.